Filed May 27, 1890.

———————

No. 14,289.

THE NOBLESVILLE GAS AND IMPROVEMENT CO. v. LOEHR.

NEGLIGENCE.— *Contributory.* — *What Constitutes.—Falling into Unguarded Ditch.*—It can not be said, as a matter of law, that one who runs to a fire, on a dark night, on the streets of a city, to assist in extinguishing it, falling into an open ditch and receiving an injury, is guilty of contributory negligence. In the absence of some notice to the contrary he had the right to presume that the streets were in a reasonably safe condition.

CORPORATION.—*Gas Company.— Unauthorized Act of Individual Director.— Street Excavation.—Liability to Person Injured by Falling into.*—A gas company is not liable to a person injured by falling into a ditch left unguarded, which was constructed under the direction of one of the directors, without authority from the board to act for the company.

SPECIAL VERDICT.—*Failure to Find Essential Facts.—Intendment.*—A special verdict must contain a finding of the facts, and if any fact essential to support the judgment is not found, the judgment must fall. Nothing can be supplied by intendment.

From the Boone Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellant.

*R. R. Stephenson* and *W. R. Fertig*, for appellee.

COFFEY, J.—This was an action instituted by the appel-

The Noblesville Gas and Improvement Co. *v.* Loehr.

lee against the appellant for the purpose of recovering damages alleged to have been sustained by the appellee by reason of falling into a ditch constructed by the appellant in the streets of the city of Noblesville.

The complaint consists of two paragraphs.

The first alleges, substantially, that the appellant is a corporation, duly organized under the laws of the State of Indiana, and is engaged in the business of supplying natural gas to the citizens of Noblesville through mains sunk into the earth along the streets of said city; that in constructing its gas mains to the Evans Flouring Mill, on Polk street, in said city, said appellant dug a trench along said street two feet wide and four feet deep, and wrongfully, carelessly and negligently left the said trench open and exposed for a period of three weeks, with no guards, lights or other signals, to indicate to persons using said street the existence or location of said trench, or the danger of passing along or over that part of the said street; that, on the 1st day of May, 1887, one dark night while said trench was in the condition aforesaid, an alarm of fire was given from said mill, and the appellant, with many other citizens, was running to said mill for the purpose of assisting in the extinguishment of said fire, and the appellant fell into said trench, without any fault or negligence on his part, whereby he was injured.

The second paragraph of the complaint does not differ materially from the first, except in a description of the injuries received by the appellee and the extent of the same.

The court overruled a demurrer to each paragraph of the complaint, to which appellant excepted.

On issues formed the cause was tried by a jury, who, under instructions of the court, returned a special verdict, upon which the court rendered judgment for the appellee.

It is contended by the appellant that it affirmatively appears by the complaint that the appellee was guilty of contributory negligence in running on the street on a dark night,

The Noblesville Gas and Improvement Co. *v.* Loehr.

and that, therefore, the complaint is bad, and as a consequence the court erred in overruling its demurrer.

We can not say as a matter of law that the appellee, in running to a fire on the streets of the city of Noblesville, on a dark night, was guilty of negligence. In the absence of some notice to the contrary, he had the right to presume that said streets were in a reasonably safe condition. *Jennings* v. *Van Schaick,* 108 N. Y. 530; *Shook* v. *City of Cohoes,* 108 N. Y. 648; *Stevens* v. *City of Logansport,* 76 Ind. 498.

In our opinion the court did not err in overruling the demurrer to the complaint.

It is contended by the appellant that the special verdict of the jury is not sufficient to authorize a judgment in favor of the appellee as against the appellant.

The first contention is that it is not found by the verdict that the appellant constructed, or authorized the construction of, the trench into which the appellant fell.

So much of the special verdict as relates to this branch of the case is as follows:

" That in March or April, 1887, said defendant commenced negotiations with J. C. Evans to supply his mill and elevator, on Polk street in said city, with natural gas, by piping it under ground to his said mills, and pending such negotiations, and before a final contract had been made with him, a difference of opinion arose in the defendant's board of directors as to running the pipes to said mill and elevator before said contract had been signed by said Evans, some of the directors wishing said pipes to be put in the trenches and run to said mill before the contract was made, but a majority of the board was opposed to this; and while this difference of opinion existed, and before the contract with Evans was completed, one of the directors of the company caused some of the men, about the latter half of April, 1887, to dig such trench along Polk, one of the public streets in said city leading from the company's principal gas mains

in said city, north along said Polk street to said mills and elevator, for the purpose of supplying said mills, when said contract should be made, with gas through pipes to be laid in said trench.   Said trench was so constructed by said men within eight or ten feet of, and along the front of said elevator on said Polk street.   *   *   *   On discovering that said trench was being dug the defendant, through its proper officers and agents, stopped the men and filled up a portion of said trench, but did not fill up that part in front of the elevator until after the plaintiff fell in, as hereinafter found, when one of its workmen filled it up.   The men who dug the trench were paid by Doc. Booth for their labor in so doing, as treasurer of the Gas and Improvement Company of Noblesville, Hamilton county, Indiana.   *   *   *   In June, after said accident, the defendant made a contract with said Evans to supply said mills and elevator with gas, and re-opened said trench, and straightened it, and put in its pipes, and has furnished said Evans with gas ever since."

The directors of a corporation act as a board, and not individually, unless specially authorized by the board to act, and then they act as special agents with special powers, and not as directors.   A single director has no power, by virtue of his office, to act for or bind the corporation, except in so far as the power has been delegated to him by the board of directors.   No director, not even the president of the board, as a general rule, has any implied power or authority derived from his office, to act as the agent of the corporation, but, like any other agent, he must derive his power from the board of directors.   The act of less than a majority of the board of directors is void.   Wood Railway Law, pp. 408, 422; Pierce Railroads, p. 34; Rorer Railroads, p. 224.

It follows, from these authorities, that the act of one of the appellant's directors, in constructing the trench in question, was not the act of the appellant simply by reason of the fact that he was a director; but to bind the appellant it must ap-

pear that he was acting under some authority derived from the board of directors.

It remains, therefore, to inquire whether there is anything in the special verdict from which it appears that the director ordering the trench was acting under the authority of the appellant. A special verdict must contain a finding of the facts, and if any fact essential to support the judgment is not found the judgment must fall. Nothing can be supplied by intendment. A failure to find a fact in favor of a party, upon whom the burden as to such fact rests, is equivalent to finding such fact against him. *Housworth* v. *Bloomhuff*, 54 Ind. 487; *Buchanan* v. *Milligan*, 108 Ind. 433; *Town of Albion* v. *Hetrick*, 90 Ind. 545; *Dixon* v. *Duke*, 85 Ind. 434; *Vinton* v. *Baldwin*, 95 Ind. 433.

There is no finding that the trench into which the appellee fell was constructed by the appellant, or by its authority, nor that the parties who did construct it had any authority from the appellant to do so. Indeed, it appears that as soon as the appellant learned of its construction it filled up a part of the same. The fact that the men who did the work were paid out of the appellant's treasury was an evidential fact tending to prove that the trench was constructed by the authority of the appellant, but is not conclusive upon the question.

In our opinion the verdict before us is not sufficient to authorize a judgment for the appellee.

Other questions are presented and argued, but as they are not necessary to a decision of the cause, and may not arise upon another trial, we deem it unnecessary to decide them.

Judgment reversed, with directions to the circuit court to grant a new trial.

Filed May 27, 1890.