PORTER ET AL. *v.* FRALEIGH ET AL.

[No. 2,403.    Filed March 15, 1898.]

FORMER ADJUDICATION.—*Answer.*—*Sufficiency.*—An answer to a complaint alleging that prior to the commencement of such action plaintiff filed a complaint against the same parties alleging the same facts as in the present complaint, to which complaint defendant's demurrer was sustained on account of insufficiency of facts, and plaintiff refusing to plead further judgment was rendered for defendant which was unappealed from, and is still in full force and effect, is sufficient to show a former adjudication in bar of the action, where it is shown that the court had jurisdiction of the parties and of the subject-matter of the action.  *pp. 562, 563.*

APPEAL AND ERROR.—*Longhand Manuscript of Evidence.*—*How Made Part of Record.*—The longhand manuscript of the evidence cannot become a part of the record without being incorporated in a bill of exceptions, and, after being signed by the judge, filed with the clerk of the court.  *p. 564.*

From the Tipton Circuit Court.  *Affirmed.*

*Gifford & Gifford,* for appellants.

*William R. Oglebay* and *John L. Oglebay,* for appellees.

HENLEY, J.—This was an action by appellants against appellees to foreclose the lien of a street assessment.  Upon demurrer the lower court held the complaint good and appellees answered in two paragraphs.  The first paragraph of answer was a general denial; the second plead a former adjudication.  Appellants' demurrer to the second paragraph of answer was overruled, a reply was filed and upon the issues thus joined there was a trial and finding, and, over appellants' motion for a new trial, a judgment in favor of appellees, defendants below.  Appellants have assigned as error,—First, that the lower court erred in overruling the motion for a new trial; and, second, that the lower court erred in overruling appellants' demurrer to the second paragraph of appellees'

Porter *et al. v.* Fraleigh *et al.*

answer.   The second paragraph of answer, which set up a former adjudication in bar of this action, was held good by the lower court, and, we think, properly so held.   It is alleged in said answer that at a time prior to the commencement of this action, the appellants herein filed in the circuit court of Tipton county, a complaint against these appellees, alleging in said complaint the same facts as stated in the complaint herein; that these appellees filed their demurrer to said complaint and that the said demurrer was, upon the ground that said complaint did not state facts sufficient to constitute a cause of action, sustained as to said appellees; that appellants declined and refused to amend their complaint, and judgment was duly rendered in favor of these appellees; that the said Tipton circuit court then and there had jurisdiction of the persons and of the subject-matter of said suit; that by said demurrer the merits of the action were put in issue, and judgment thereon was upon the facts so pleaded in that action which were the identical facts as herein pleaded in this action; that said judgment has not in any manner been appealed from or set aside, and is now unreversed and of full force and effect.   We think the allegations of the answer bring it within the rule that judgment on demurrer will be held to be a valid adjudication between the parties as to the cause of action stated in the complaint, if it appear that the cause of action was determined upon its merits.   This answer is certainly good as against any objection urged to it by appellants' counsel.

The other questions argued by counsel are all presented by the motion for a new trial, and depend for their solution upon the evidence.   It is contended by counsel for appellees that the evidence is not in the record, having never been incorporated in a bill of exceptions and filed as a part of a bill of exceptions.

The record shows the following entries: Entry of May 4th, 1896: "Come now the plaintiffs in the above entitled cause, and files the longhand manuscript of the evidence in the above entitled cause, which is in words and figures as follows, towit: (here insert)."

Entry of May 8, 1896: "Come now the plaintiffs and file the longhand manuscript of the evidence in the above entitled cause, which was signed by the court on the —— day of ——, 1896, which longhand manuscript is in words and figures as follows, towit:" Then follows the longhand manuscript of the evidence, and at its close there is indorsed on the page following the certificate of the reporter, the following words: "Signed and ordered made part of the record this 6th day of May, 1896. Moses B. Lairy, Special Judge."

The fact that it nowhere appears "that this was all the evidence given in the cause," or words to that effect, would, of itself, preclude this court from considering any question involving a consideration of the evidence.

There is no pretense of a bill of exceptions in the record. The evidence as prepared by the official reporter which is designated as the "longhand manuscript of the evidence," is all that was ever filed. The longhand manuscript of the evidence cannot become a part of the record without being incorporated in a proper bill of exceptions, and, after being signed by the trial judge, so filed with the clerk of the court. *Wagoner* v. *Wilson*, 108 Ind. 210; *Ohio, etc., R. W. Co.* v. *Voight, Admr.*, 122 Ind. 288; *Patterson* v. *Churchman*, 122 Ind. 379; *City of Alexandria* v. *Cutler*, 139 Ind. 568.

It was said by the court in *Kelso* v. *Kelso*, 16 Ind. App. 615: "To file the longhand manuscript of the

evidence is not sufficient. The longhand manuscript of itself does not constitute a bill of exceptions; but after such manuscript is embodied into a formal bill, presented to and signed by the court, it becomes a part of the record."

The cases above cited very fully explain the practice under the statute, and the record in this cause does not come within the letter or the spirit of the rule. The evidence not being in the record, there is no question presented by the specification of the assignment of errors alleging the error of the lower court in overruling appellants' motion for a new trial. Judgment affirmed.