BUCHER ET AL. *v.* THE CITY OF SOUTH BEND.

[No. 2,475.   Filed May 17, 1898.]

MUNICIPAL CORPORATIONS.—*Negligence.*—A city is not liable for an injury sustained by a person caused by slipping upon a loose brick

in the sidewalk which turned under her foot, where no defect was apparent in the sidewalk, and the city had no knowledge of the defect.

From the St. Joseph Circuit Court.    *Affirmed.*

*George E. Clarke* and *Joseph G. Orr,* for appellants.

*Wilbert Ward,* for appellee.

COMSTOCK, J.—Appellants brought this action as husband and wife to recover damages for injuries sustained by the wife by reason of a fall on a defective sidewalk.  The cause was tried by a jury, a special verdict returned, upon proper request, on which the court rendered judgment in favor of the defendant.  The errors assigned are the overruling of appellants' and the sustaining of appellee's motion for judgment on the special verdict, and overruling appellants' motion for a new trial.  The findings of the special verdict show that the appellant received her injuries on the 30th day of May, 1895, in the forenoon, while walking on a brick sidewalk on "Colfax," a much traveled public street of the defendant city.  She was thirty-seven years old and in the full possession of all her senses.

From the interrogatories and answers thereto returned by the jury, we set out the following:  "Was there some years before May 30, 1895, a driveway across the sidewalk on the north side of the street known as 'Colfax Avenue?'  Yes."  "Had the passage of vehicles on said sidewalk caused a depression to become worn in said walk at said driveway?  Yes."  "Was the depression in said sidewalk on and before the 30th day of May, 1895?  Yes."  "Were there on May 30, 1895, a number of loose bricks in said sidewalk at a point immediately west of the driveway, and within three feet of said driveway, and extending from the outer edge of said walk nearly to the center?  Yes: we find some broken brick at this point."

"Were there, on May 30, 1895, a number of broken bricks in said sidewalk at a point immediately west of the driveway, and within three feet of said driveway, and extending from the outer edge of said walk nearly to the center? Yes; we find some broken bricks at this point." "Did such defective condition of said walk at that point exist for one or more months prior to the 30th day of May, 1895? Yes." "Did the authorities of the city of South Bend have knowledge of such defective condition of said walk at said point immediately west of, and within three feet of the west line of said driveway, before the 30th day of May, 1895? Yes." "Did the defendant city repair said defect in said sidewalk prior to May 30, 1895? No." "Did plaintiff, Alice Bucher, on the 30th day of May, 1895, step on a loose brick in said sidewalk at a point west of the driveway, and within three feet from the west line of said driveway? Yes."

"Did said brick in said defective sidewalk turn under said Alice Bucher's foot and cause said Alice Bucher to receive an injury to said foot? Yes." "Did the plaintiff, Alice Bucher, have any knowledge of the defective condition of said sidewalk at any time prior to the time of receiving said injury? No." "Was the plaintiff, Alice Bucher, at the time of receiving said injury, walking along said sidewalk in a careful and prudent manner? Yes." "Was it (the sidewalk) an old or new sidewalk? An old sidewalk." "Were any of the bricks out of the walk at the place where the accident occurred? No." "Was there any depression in the walk at the place where the accident occurred? No." "Had anything happened to the walk during the three or four months preceding the time of the accident which loosened the bricks in the walk at the place where the accident occurred? No." "Was the brick on which plaintiff,

Alice Bucher, stepped when the accident happened, a part of the sidewalk? Yes." "Was that brick on a level of the sidewalk or in a depression? On a level with the sidewalk." "Was that brick completely surrounded by other bricks? Yes." "Did plaintiff, Alice Bucher, see the brick before she stepped on it? No." "Was there any abrupt place in the sidewalk at the point where the accident occurred? No." "Was there any unevenness in the sidewalk at the place where the accident occurred other than that caused by wear and constant use? No." "What was the greatest depression in the walk? From two and a half to three inches in the driveway."

Cities are not insurers of the safety of their streets. They are required to use reasonable care to keep them in a safe condition for travel, in the ordinary modes, by day and by night, and for the negligent failure so to do they are liable to one so traveling and exercising reasonable care who is injured by reason of their negligence. 24 Am. and Eng. Ency. of Law, p. 90; *Town of Gosport* v. *Evans,* 112 Ind. 133, 2 Am. St. 164, and authorities there cited.

From the findings of the special verdict it appears that the plaintiff Alice Bucher received an injury by slipping upon a loose brick which turned under her foot. This brick was a part of an old sidewalk and was on a level with and completely surrounded by other bricks composing the sidewalk. There were no bricks out of the walk or an abrupt place in the sidewalk at the place where the accident occurred. There were loose and broken bricks in the sidewalk, and a depression, but not at the point where the plaintiff received her injury. It does not therefore appear that the injury complained of was occasioned by a defect in the sidewalk which was apparent. At that point the walk was even and was in fair condition, excepting

natural wear from long usage.   There is no finding that it was known to the city.

It would be a severe rule which would require a city, by its officers, to examine each brick in a sidewalk to ascertain its condition, when there was nothing to indicate a defect in the brick itself, or in the manner in which it was laid, and where the walk was even.   The trial court did not err in rendering judgment for appellee.   Judgment affirmed.