Luckenbill, Adm., v. Kreig.

LUCKENBILL, ADMINISTRATOR, *v.* KREIG ET AL.

[No. 19,133.  Filed November 23, 1899.]

APPEAL AND ERROR.—*Evidence.*—*How Made Part of Record Under Act of 1873.*—The act of 1873 (Acts 1873, p. 194) does not create the office of official shorthand reporter whose oath of office covers his reports of all cases in the court of his appointment, and a transcript of evidence certified by one styling himself "official shorthand reporter" is insufficient under the provision of said act, unless the record shows his authority to report the evidence in the particular case. *pp. 481, 482.*

SAME.—*Evidence.*—*Record.*—*Certificate.*—A certificate of the judge that the bill of exceptions contains all the evidence given "in said

cause " is insufficient, where it is not shown in what cause, in what court or at what term the evidence was given. *pp. 482, 483.*

From the Miami Circuit Court. *Affirmed.*

*John Mitchell, Nott N. Antrim* and *William B. Mc-Clintic,* for appellant.

*Walter C. Bailey* and *Charles A. Cole,* for appellees.

BAKER, J.——Petition by appellant to sell lands of his decedent's estate. Appellee Elizabeth Zimmerman filed a cross-complaint in which she asserted title in herself to a portion of the lands described in the petition. Trial, and judgment in her favor. The only error presented is the overruling of appellant's motion for a new trial. The only grounds relied on and discussed are that the verdict is contrary to law, contrary to the evidence, and not supported by sufficient evidence.

Appellee meets appellant's argument by insisting that the evidence is not before this court. The original pleadings and bills of exceptions belong to the records of the trial court. On appeal to this court, the general statute relating to appeals provides that the appellant shall cause to be made and filed here "a transcript of the record" of the trial court. Without special authority conferred by some other statute, an original bill of exceptions containing the evidence may not be inserted bodily into the transcript any more than might the originals of the pleadings and other parts of the record. *Goodwine* v. *Crane,* 41 Ind. 335; *Reid* v. *Houston,* 49 Ind. 181; *Leach* v. *Mattix,* 149 Ind. 146. The trial was had in June, 1898. On July 12, 1898, the clerk of the trial court certified to the transcript. On July 25, 1898, the transcript was filed here. The certificate shows that the original of the alleged bill of exceptions containing the evidence was inserted into the transcript. The act of March 10, 1875 (Acts 1875, p. 137), and the amendments of March 5, 1877 (Acts 1877, p. 127), and of April 14, 1881 (Acts 1881, p. 599), and of March 11, 1895 (Acts 1895, p.

Luckenbill, Adm., *v.* Kreig.

228), being §§1405-1410 R. S. 1881 and Horner 1897, §§1470-1476 Burns 1894, providing for the appointment of official shorthand reporters by trial courts and the use of their longhand transcripts when embodied in bills of exceptions, having been declared invalid in *Beatty* v. *Miller*, 146 Ind. 231, the act of March 7, 1873 (Acts 1873, p. 194), and the act of March 8, 1897 (Acts 1897, p. 244), were the only statutes authorizing the incorporation of the original bill into the transcript that were in force at the time of the trial, of the preparation of the alleged bill, and of the filing of the transcript in this cause. The act of 1873 does not create the office of official shorthand reporter to be filled by the court's appointee, whose oath of office covers his reports of all cases in the court of his appointment, and whose longhand copy of his shorthand reports may be embodied into bills of exceptions that may be used on appeal by being inserted into the transcript; but it only provides for a shorthand reporter who shall be selected and employed by the parties, or one of them, to a particular case, and who, on motion of his employer, shall be sworn to act in that particular case. The appointment is manifestly good only for the one case; and the necessary facts must appear in the record of the case either in an order-book entry or in the bills of exceptions. In this case, there was nothing of the kind. At the end of a longhand copy of certain evidence that is inserted into the transcript, appears a certificate of one styling himself as "official shorthand reporter" that he is the official shorthand reporter of the court, duly appointed and sworn to report in shorthand the evidence in cases tried therein, and that as such he took down in shorthand the evidence above transcribed. This was plainly intended as a compliance with the invalid act of 1875. But the record fails to disclose any attempt to authorize the reporter to report the evidence in this case, under the act of 1873. Other objections, which render the alleged bill inadequate under

the act of 1897, apply with equal force to the alleged bill if considered as an attempted conformance to the valid act of 1873 or the invalid act of 1875. Under the act of 1897, it is immaterial by whom the evidence is written out; but the transcription must be embodied in a proper bill of exceptions, duly certified to by the judge; and, when so embodied, the original may be used in making up the transcript on appeal. *Weakley* v. *Wolf*, 148 Ind. 208. In this case, the first line of the alleged bill reads: "It is admitted that this is Deed Record X." Following this, appear copies of various instruments and testimony of many witnesses. At the end of the longhand copy of this evidence, the judge certified that the above and foregoing longhand transcript of the evidence contains all the evidence given "in said cause", with the objections, rulings, and exceptions, and that the same is ordered to be certified to without copying as a part of the records "of this cause". But there is nothing in the alleged bill to show what cause. There is no memorial in the alleged bill, signed by the judge, that at the trial of the cause of *Luckenbill, Adm.*, v. *Kreig* and others, on June 1, 1898, in the Miami Circuit Court, this evidence was adduced. The alleged bill fails to show either by caption, by contents, or by indorsement, in what cause, in what court, at what term, at what trial, the evidence, of which a copy is inserted into the transcript, was given. Attached to the copy of the evidence, appears a certificate of the clerk of the Miami Circuit Court that on July 8, 1898, the plaintiff in this cause filed in his office the longhand transcript of the evidence as taken down by the official shorthand reporter of the court. But, (1) there was no official shorthand reporter of the court; and (2) if there had been, his longhand copy of his shorthand report could be transmitted to this court only "when the same shall have been incorporated in a bill of exceptions"; and (3) the bill, within itself, must show at what trial the evidence was introduced. There has been a total failure to bring here a

bill of exceptions containing the evidence. *Wagoner* v. *Wilson*, 108 Ind. 210; *City of Alexandria* v. *Cutler*, 139 Ind. 568; *Jenkins* v. *Wilson*, 140 Ind. 544; *Porter* v. *Fraleigh*, 19 Ind. App. 562.

Judgment affirmed.