### HALL *v.* THE STATE, EX REL. HAYDEN.

[No. 2,981.    Filed December 19, 1899.]

APPEAL AND ERROR.—*Record.—Instructions.*—Instructions requested by a party are made a part of the record without a bill of exceptions when signed by the party or his attorney and filed as a part of the record, although not signed by the judge. *pp. 521-524.*

SAME.—*Record.—Instructions.*—Instructions given by the court of its own motion which are not signed by the judge are not properly in the record. *pp. 521-524.*

SAME.—*Instructions.—Memorandum.*—A memorandum of exception signed by the judge and dated will not make an instruction to which it is appended a part of the record. *pp. 521-524.*

SAME.—*Instructions.*—Where it does not affirmatively appear that all of the instructions given by the court are in the record, the refusal to give instructions asked will not be considered. *pp. 524, 525.*

From the Madison Circuit Court.    *Affirmed.*

*W. A. Kittinger, E. D. Reardon* and *W. S. Diven,* for appellant.

*W. L. Taylor,* Attorney-General, *D. W. Scanlan, J. N. Templer, C. C. Ball* and *E. R. Templer,* for appellee.

BLACK, J.—This was a proceeding in bastardy. The argument on behalf of the appellant is chiefly devoted to a discussion of the evidence; but we could not disturb the result reached against the appellant without drawing inferences of fact, and weighing conflicting testimony, and thereby invading the exclusive province of the jury and the trial court.

It is also objected that the court erred in giving the first instruction of a series of instructions given by the court upon its own motion, and in refusing to give the tenth and eleventh instructions of a series proposed by the appellant. No instructions are in the record by bill of exceptions. Four

instructions are inserted in the transcript as instructions given by the court. These instructions are not signed by the judge, but in connection with the first one of them is a memorandum of exception signed by the judge and dated.

A series of instructions is set out as instructions requested by the appellant before the commencement of the argument. These instructions are numbered and signed by the attorneys for the appellant, and they are shown to have been filed. In connection with each of two of them, the tenth and eleventh, there is a memorandum of exception signed by the judge and dated.

It was provided in the code of 1852, §324: "All instructions given by the court must be signed by the judge, and filed, together with those asked for by the parties, as a part of the record." This provision was continued in force by §376 of the code of 1881, §533 R. S. 1881. *Olds* v. *Deckman*, 98 Ind. 162; *Childress* v. *Callender*, 108 Ind. 394. In §325 of the code of 1852 it was provided that a party excepting to the giving of instructions, or the refusal thereof, should not be required to file a bill of exceptions; "but it shall be sufficient to write at the close of each instruction 'refused and excepted to,' or 'given and excepted to,' which shall be signed by the party or his attorney." The above quoted portion of this section is changed in §378 of the code of 1881, §535 R. S. 1881, so as to provide that it shall be sufficient "to write on the margin or at the close of each instruction, 'refused, and excepted to,' or 'given, and excepted to;' which memorandum shall be signed by the judge and dated."

In *O'Donald* v. *Constant*, 82 Ind. 212, it is said to be clear that "instructions, in order to be made a part of the record, under §§324 and 325 of the code," of 1852, "must be filed as a part of the record, and the fact of such filing must be shown in the transcript. The instructions given must be signed by the judge."

In *Supreme Lodge* v. *Johnson*, 78 Ind. 110, it was said

that §324 of the code of 1852 required that all instructions given by the court must be signed by the judge and filed, together with those asked for by the parties, as a part of the record, and that under the code of 1881 the practice is so far modified as to require that the memorandum, "given and excepted to," or "refused and excepted to," shall be signed by the judge and dated, but that the filing is still necessary, citing §§533, 535 R. S. 1881. See also *Louthain* v. *May*, 77 Ind. 109.

In *Landwerlen* v. *Wheeler*, 106 Ind. 523, it was said that §533 R. S. 1881 provides that "all instructions given by the court must be signed and filed," etc., and that it had been held in a number of cases, that "to make instructions a part of the record without a bill of exceptions, they must not only be excepted to as provided by §535, *supra*, but they must also be signed by the judge and filed as provided by §533, *supra*." See also *Butler* v. *Roberts*, 118 Ind. 481; *Louisville, etc., R. Co.* v. *Wright*, 115 Ind. 378; *Elliott* v. *Russell*, 92 Ind. 526; *Heaton* v. *White*, 85 Ind. 376; *Van Sickle* v. *Belknap*, 129 Ind. 558; *Conduitt* v. *Ryan*, 3 Ind. App. 1; *Fromlet* v. *Poor*, 3 Ind. App. 425.

The rule as expressed in *Landwerlen* v. *Wheeler*, *supra*, is a logical application of the above quoted provisions of the code construed together. The instructions given by the court are made part of the record when these *instructions* are signed by the judge and filed as a part of the record. Instructions requested by a party are made part of the record when these *instructions* are signed by the party or his attorney and filed as a part of the record. An exception to the giving of any one of the instructions so made a part of the record, or to a refusal to give any one of them, may be taken and saved by the properly signed and dated memorandum, but the properly signed and dated memorandum alone will not bring the instructions into the record. Under this rule, the instructions requested by the appellant are in the record. It is not shown whether or not any of them were

given, but it is shown that the tenth and eleventh were refused, and an exception was saved to the refusal to give each of these instructions. So, also, under the rule, none of the instructions given by the court of its own motion are in the record, because the instructions were not signed by the judge, though a memorandum of exception to one of the instructions set out in the transcript was signed by the judge and dated. Whether the giving of that instruction would be reversible error would depend upon the proper construction to be placed upon the concluding part, whereby the court told the jury that if, in addition to certain other matters of fact set forth in the instruction, the jury should find from a preponderance of the evidence that the relatrix did not have sexual relation with any other man than the defendant at or about 280 days prior to the birth of the child, "or at the time the child was begotten"; the jury should find for the plaintiff. If the quoted words were omitted, the instruction would be erroneous, because the child might have been begotten at a shorter period before its birth than "about 280 days," as the evidence showed; but if the relatrix did not have sexual relation with any other man than the defendant either about 280 days before the birth or at the time the child was begotten, then she had such relation with the defendant when the child was begotten, and he might be found by the jury to be its father; and this seems to be a reasonable construction of the language of the instruction.

Whether this first instruction should or should not be regarded as in the record, if those asked by the appellant and refused can be regarded as correct instructions, there was no available error in rejecting them, it not appearing that the record contains all the instructions given by the court to the jury. Where the record fails to show that the instructions purporting to have been given by the court on its own volition were all the instructions given in the cause, the refusal of correct instructions, it has been held, is not available error.

*Wilson* v. *Johnson*, 145 Ind. 40; *Conner* v. *Citizens Street R. Co.*, 146 Ind. 430; *New York, etc., R. Co.* v. *Hamlet Hay Co.*, 149 Ind. 344; *Baltimore, etc., R. Co.* v. *Conoyer*, 149 Ind. 524.

Where it does not appear that all the instructions given by the court are in the record, the refusal to give instructions asked will not be considered. *City of New Albany* v. *McCulloch*, 127 Ind. 500; *Lehman* v. *Hawks*, 121 Ind. 541; *Stewart* v. *State*, 111 Ind. 554; *Ford* v. *Ford*, 110 Ind. 89; *McIlvain* v. *State*, 80 Ind. 69; *Board, etc.* v. *Nichols*, 139 Ind. 611, 619.

It is expressly provided by statute, §542 Burns 1894, §533 Horner 1897, that when the argument of the cause is concluded, the court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge, if required by either party; and it will be presumed, the contrary not appearing, that the court has performed this positive duty. The trial court "is presumed to have given the jury correct instructions upon all the material points in the case." Elliott's App. Proc. §722.

It has been held that if the record does not affirmatively show that all the instructions are in the record, it must be presumed that the instructions refused, if correct, were embodied in some other instructions given either verbally or in writing. *Puett* v. *Beard, etc.*, 86 Ind. 104; *Grand Rapids, etc., R. Co.* v. *Cox*, 8 Ind. App. 29. The judgment is affirmed.