McCaffrey v. Bradford Milling Co.

---

McCAFFREY v. THE BRADFORD MILLING COMPANY.

[No. 2,825.    Filed March 9, 1900.]

APPEAL AND ERROR.—*Evidence.*—*Transcript.*—*Record.*—Where the original transcribed copy of the evidence is embodied in a proper bill of exceptions and certified by the judge, the evidence is properly in the record, under the act of 1897 (Acts 1897 p. 244), although it is not shown by whom the evidence was taken and transcribed. *p. 284.*

SAME.—*Instructions.*—*Record.*—A series of instructions brought into the record by order-book entry, not signed by any one, and it not appearing whether they were given or refused, cannot be considered on appeal. *pp. 284-286.*

APPEAL AND ERROR.—*Instructions.*—*When Not All in Record.*—The sufficiency of an instruction will not be considered on appeal unless all of the instructions given are in the record. *p. 286.*

From the Miami Circuit Court.   *Affirmed.*

*R. J. Loveland, P. H. Loveland, W. C. Bailey* and *C. A. Cole,* for appellant.

*E. T. Reasoner, J. W. O'Hara, John Mitchell, N. N. Antrim, W. B. McClintic* and *H. Taylor,* for appellee.

ROBINSON, J.—Appellant appeals from a judgment in favor of appellee, an Ohio corporation, for the price of milling machinery furnished under a written contract. The only questions discussed relate to the correctness of certain instructions to the jury.

Appellee argues that the evidence is not before this court. On September 9, 1897, the clerk certified to the transcript which was filed in this court May 31, 1898. The act of March 8, 1897 (Acts 1897 p. 244) was then in force. What may be termed the caption to the bill of exceptions containing the evidence is by no means a model; but from it we can gather that the copy of the evidence inserted into the transcript was given in the cause wherein the Bradford Milling Company was plaintiff, and Hugh McCaffrey was defendant; that the trial commenced January 3, 1897, at a regular term of the Miami Circuit Court. It does appear that the evidence was taken and transcribed by one styling himself "official shorthand reporter," but under the act of 1897 it is not material by whom the evidence is written out. *Luckenbill* v. *Kreig,* 153 Ind. 479. In the case at bar it does appear that the original transcribed copy of the evidence, by whomsoever made, was embodied in a proper bill of exceptions and was certified to by the judge, and in such case such original copy may be used in making up the transcript on appeal. *Weakley* v. *Wolf,* 148 Ind. 208.

In a criminal case instructions can be brought into the record only by a bill of exceptions. *Lane* v. *State,* 151 Ind. 511; *Graybeal* v. *State,* 145 Ind. 623; *Bealer* v. *State,* 150 Ind. 390, and cases cited.

McCaffrey v. Bradford Milling Co.

In a civil case instructions may be made part of the record under §§542, 544 Burns 1894, §§533, 535 Horner 1897, without a bill of exceptions, or they may be brought into the record by a bill of exceptions. No attempt has been made in this case to bring up the instructions by bill of exceptions.

To question on appeal, without a bill, the giving of instructions or the refusal thereof, an exception must be taken to the giving or the refusal to give each instruction, and the exception signed by the judge and dated. The series of instructions, of which the particular instruction forms only a part, must then be brought into the record. And it must be remembered that the manner of taking an exception to a particular instruction, and bringing a series of instructions into the record, are entirely separate and distinct. If the instructions in a series are requested by a party, they must be in writing, numbered, and signed by the party or his attorney. If they are given by the court of its own motion, they must be signed by the judge. In each instance they must be filed as a part of the record, and this filing must be shown by an order-book entry. These rules must be observed, because they are the requirements of the statute. See *Hall* v. *State*, 23 Ind. App. 521.

In the case at bar there is an order-book entry that after the argument of counsel "said jury is instructed by the court, and said instructions are filed, and are in the words and figures following, to wit." This is followed by a series of twenty-five instructions tendered by the plaintiff below, and signed by plaintiff's attorneys. Immediately following this, without any separate heading, are instructions 26, 27, 28, 28 1-2, 29, and 30, all of which were given, but, as a series, they are not signed by any one. By the return to a writ of *certiorari* what purports to be a series of six other instructions requested by defendant below are brought up, but they are not signed by any one, nor does it appear by any proper entry whether they were given or refused. It

is thus seen that the only instructions in the record are the instructions tendered by plaintiff below.

The record fails to disclose that it contains all the instructions given to the jury. In *Forsyth* v. *Wilcox*, 143 Ind. 144, the court said: "By the settled rule of practice in this State the sufficiency of any instruction must be determined in the light of all the instructions given, and to make compliance with this rule possible the appellant must make it appear from the record that all charges given are in the record." *Board, etc.*, v. *Nichols*, 139 Ind. 611.

In one part of the third instruction the court used the wrong number in referring to one of the answers, but when the instruction is taken as a whole, and in connection with the first, second, and fourth instructions, it could not have misled the jury. A careful consideration of the instructions given which are in the record does not disclose any instruction given that is so defective or erroneous as not to be pertinent to any issue made by the pleadings or the evidence, nor is there any instruction so prejudicial to appellant that it could not have been corrected by other instructions which may have been given. *Board, etc.*, v. *Nichols*, 139 Ind. 611; *Lehman* v. *Hawks*, 121 Ind. 541; *Ford* v. *Ford*, 110 Ind. 89; *Gallaher* v. *State*, 101 Ind. 411; *Conduitt* v. *Ryan*, 3 Ind. App. 1.

There is no error in the record. Judgment affirmed.