## City of Terre Haute *v.* Constans.

[No. 3,413.    Filed March 27, 1901.]

Negligence.— *Municipal Corporations.* — *Personal Injuries.*— *Evidence.*—Plaintiff was walking along the sidewalk after dark in a usual and ordinary manner when a brick turned under her foot and she was thrown to the ground and injured. It was shown that at the point on the sidewalk where the injury occurred the curbing had been removed and the bricks were loose and out of place, and had been in that condition for a month or more prior to the injury, but that such condition was unknown to plaintiff. *Held,* that the evidence was sufficient to support a judgment for plaintiff.

From the Vigo Circuit Court.    *Affirmed.*

*Peter M. Foley,* for appellant.

*H. S. Wallace, G. M. Crane, D. V. Miller* and *A. L. Miller,* for appellee.

Wiley, J.—Suit by appellee against appellant to recover damages for an injury received by reason of an alleged defective sidewalk on one of the streets of said city. The cause was put at issue by a general denial, trial by jury, resulting in a verdict for appellee. Over appellant's motion for a new trial, judgment was rendered on the verdict.

Of the several questions presented for decision, counsel for appellant has addressed his argument to a single one, to wit, the sufficiency of the evidence to sustain the verdict, and relies for a reversal upon the rule declared in the case of *Bucher* v. *City of South Bend,* 20 Ind. App. 177.

The sidewalk upon which appellant was walking when she was injured was constructed of brick, and the defects alleged were that the foundation on which the bricks were laid was removed, the bricks were loose, separated and misplaced, and in such condition that the surface of the side-

walk was uneven and bricks would rock and turn when stepped upon. No question is argued as to the sufficiency of the complaint.

The evidence shows that at the point on the street where appellee received her injury the curbing had been removed; that the bricks were loose; that some of them were "setting up edgeways"; that the dirt had worked out from under the bricks; that the loose bricks were not on a level with the bricks that were in place; that there was a drop of three or four inches, and that loose bricks extended from the property line to the end of the walk. It was also shown that some of the loose bricks were on top of others; that some of the bricks had been "dislodged" and made the sidewalk rough and uneven; that the "bricks were scattered around," and that some of them were gone.

The evidence shows that appellee was returning to her home from church in company with her husband and others; that it was about 9 o'clock at night; that it was dark; that the street lamp on the corner of the street near where she was injured was not lighted; that she did not know of the defective condition of the street; that she had not passed over it before, to her recollection; that she was walking in a usual and ordinary gait, and that when passing over the defective piece of the walk she stepped upon a brick, it turned under her foot, and she was thrown to the ground and injured. It is also shown that the sidewalk had been in that condition for a month or more prior to the accident. There is no direct evidence that the city knew of the defect, but it is chargeable with notice, for the defect had existed so long that it might have known of it by the exercise of reasonable diligence.

Upon these facts appellant urges: (1) That there was no actionable defect in the sidewalk; (2) that there is no showing that appellant's negligence caused the injury, and (3) that there was no evidence tending to show that appellee was not guilty of contributory negligence. Upon all of

these propositions, the evidence is against appellant. In other words, there is evidence tending to show that the city was negligent in permitting the sidewalk to get out of repair and in permitting it to remain so for so long. Also there is evidence to show that such negligence was the proximate cause of the injury. Also there is evidence from which the jury were authorized to find that appellee was not guilty of negligence contributing to her injury. All these essential facts are resolved against the appellant by the verdict.

· True, a city is not an insurer of the safety of its streets, but it is required to keep them in a reasonably safe condition for travel in the ordinary modes by day or night, and for a negligent failure so to do it is liable to a traveler while passing over them, if such traveler exercises reasonable care and is injured on account of defects. *Bucher* v. *City of South Bend,* 20 Ind. App. 177; 24 Am. & Eng. Ency. of Law, 90; *Town of Gosport* v. *Evans,* 112 Ind. 133, 2 Am. St. 164.

The questions of negligence on the part of appellant and due care on the part of appellee were questions of fact properly submitted to and determined by the jury. As pertinent to these questions we quote approvingly from *Romine* v. *Evansville, etc., R. Co.,* 24 Ind. App. 230, p. 234: "The question of negligence must be submitted to the jury, where there is room for difference of opinion between reasonable men as to the inferences which might fairly be drawn from conceded facts, as well as where there is room for such difference as to the existence of the facts from which it is proposed to infer negligence. Shearm. & Redf. Neg. §54; *Cincinnati, etc., R. Co.* v. *Grames,* 136 Ind. 39. Where the inferences to be drawn from the proof are not certain and uncontrovertible, the question of negligence cannot be decided as a question of law by directing a verdict, but must be submitted to the jury. *Thurber* v. *Harlem Bridge, etc., Co.,* 60 N. Y. 326. The question as to contributory negligence is generally one for the jury, and the courts interfere with

the verdict only in clear cases. *Terre Haute, etc., R. Co.* v. *Buck,* 96 Ind. 346, 359."

Appellant urges that the facts in this case are in all essential respects similar to those in the case of *Bucher* v. *City of South Bend,* 20 Ind. App. 177, and that as the city was declared to be not liable in that case the holding there is of controlling influence here. With all due respect to counsel for appellant, we are forced to say that the facts in the two cases are very dissimilar. In the Bucher case, there was a special verdict, and it was found that the brick which caused the injury was in its proper place in the sidewalk; that it was on a level with all the other bricks in the walk; that it was completely surrounded by the other bricks; that no bricks were out of the walk, and that there was no apparent defect in the walk. This court, by Judge Comstock, very properly held that the city was not liable for an injury caused by slipping upon a loose brick in the sidewalk which turned when stepped upon by the appellant, where no defect was apparent in the sidewalk, and the city had no knowledge of the defect. There the sidewalk was apparently in good condition, was level and even. It was said: "It would be a severe rule which would require a city, by its officers, to examine each brick in a sidewalk to ascertain its condition, when there was nothing to indicate a defect in the brick itself, or in the manner in which it was laid, and where the walk was even." But here the facts are very different. The bricks were out of their places; some of them were "edgeways", as expressed by witnesses; some of them were lying on others, and there were depressions of three or four inches. The defective condition of the walk was open and obvious, and appellant, under the facts, was chargeable with notice of its condition. Appellee was unacquainted with the walk. She was exercising her right to travel upon the street, and she was in the exercise of due care. She had a right to presume that the sidewalk was in a reasonably safe condition for travel, and that in passing over it she would not

incur unusual risks, or meet obstructions inconsistent with the safety of those who in the ordinary ways use a frequented street. *Stevens* v. *City of Logansport,* 76 Ind. 498; *Noblesville Gas, etc., Co.* v. *Loehr,* 124 Ind. 79.

In our judgment, the evidence abundantly sustains the verdict. Judgment affirmed.