## CITY OF INDIANAPOLIS v. MITCHELL, BY HER NEXT FRIEND.

[No. 3,710. Filed November 15, 1901.]

MUNICIPAL CORPORATIONS.—*Defective Street Crossing.*—*Personal Injury.*—*Knowledge of Danger.*—A complaint in an action against a city for injuries sustained because of a defective street crossing alleged that there was a change of the grade of the street at the point where the accident occurred, and that instead of a permanent crossing there were two planks lying loosely with one end of each resting upon the ground toward the middle of the street, and the other ends resting upon the sidewalk; that the step from the ends of the planks to the sidewalk had been about two inches, but that since plaintiff had last passed over the same the planks had been raised, without her knowledge, so that at the time of the accident there was a step of fourteen inches from the planks to the sidewalk. *Held,* that the complaint was not bad as showing that plaintiff knew of the dangerous condition of the crossing and was guilty of contributory negligence in attempting to pass over it. *pp. 591-593.*

SAME.— *Streets.*— *Obstruction.*—A street crossing of plank fourteen inches above the level of the sidewalk is a dangerous obstruction. *p. 593.*

SAME.—*Streets.*—*Personal Injury.*—A person traveling upon a public street has a right to assume in the absence of notice to the contrary that it is in a reasonably safe condition. *pp. 593, 594.*

SAME.— *Personal Injuries.*— *Contributory Negligence.*— *Evidence.*— —At a change of grade in a street planks were laid partially across the street for a crossing, with one end of each resting upon the ground toward the middle of the street and the other ends upon the sidewalk, the ends resting upon the sidewalk being raised fourteen inches from the level of the walk. Plaintiff, who was injured in

attempting to cross on the planks, testified that at the time of the accident it was not light enough for her to see a great distance in front of her, and that she was looking where she was going. *Held*, that the evidence supported a finding in favor of plaintiff that she was free from contributory negligence. *pp. 594, 595.*

NEGLIGENCE.—*Question of Law and Fact.—Evidence.*—The Appellate Court cannot reverse a judgment in an action for personal injuries on the ground that plaintiff was guilty of contributory negligence unless the evidence is such as to make negligence a question of law, and not a mixed question of law and fact. *p. 596.*

MUNICIPAL CORPORATIONS.—*Personal Injuries.—Defective Street.— Notice.—Proof.—Variance.*—Where a complaint in an action against a city for personal injuries caused by a defective street charged that the city had actual notice and the proof showed constructive notice, such variance will not preclude a recovery. *p. 597.*

NEW TRIAL.—*Newly Discovered Evidence.*—A new trial of an action for personal injuries on account of newly discovered evidence was properly denied where the evidence relied upon related to the physical condition of plaintiff after the injury, and was cumulative. *pp. 597, 598.*

APPEAL AND ERROR.—*Instructions.—Record.*—Alleged error of the court in refusing to give certain instructions cannot be considered on appeal where it affirmatively appears that all of the instructions given are not in the record. *pp. 598, 599.*

SAME.—*Record.—Instructions.*—Instructions given by the court of its own motion and ordered made part of the record without bill of exceptions which are not signed by the judge will not be reviewed on appeal. *p. 599.*

SAME.—*Record.—Instructions.*—A memorandum of exception signed by the judge, as provided by §544 Burns 1901, will not make an instruction to which it is appended a part of the record. *p. 599.*

From Marion Superior Court; *L. M. Harvey,* Judge.

Action by Ida G. Mitchell, by her next friend, against the city of Indianapolis for personal injuries. From a judgment in favor of plaintiff, defendant appeals. *Affirmed.*

*J. W. Kern* and *J. E. Bell,* for appellant.

*W. A. Pickens, L. A. Cox* and *S. W. Kahn,* for appellee.

WILEY, P. J.—Action by appellee against appellant to recover damages sustained by an injury on account of an alleged defective and dangerous crossing. Complaint in one

paragraph, answer in denial, trial by jury, verdict and judgment for appellee. The verdict was for $7,000, but, pending a motion for a new trial, the court required appellee to elect whether she would remit $2,000 of the verdict, or suffer a new trial. She elected to, and did, remit the $2,000. Thereupon, the court overruled the motion for a new trial. The court overruled a demurrer to the complaint, and these two adverse rulings are assigned as error.

The complaint avers that the injury complained of occurred at the intersection of Highland place and Twelfth street, in the city of Indianapolis; that Highland place runs north and south, and Twelfth street, east and west; that the grade of Twelfth street, on September 7, 1895, and long prior thereto, was higher than the grade of Highland place; that on said date, and for a long time prior thereto, there were cement sidewalks on each side of Highland place, which sidewalks ended at the inside of the sidewalk line of Twelfth street; that there was no permanent crossing for foot passengers leading from said sidewalk on the east side of Highland place, across Twelfth street; that instead thereof there were two large planks of wood lying loosely on the ground, with one end of each resting upon the sidewalk, and the other end on the ground, toward the middle of Twelfth street; that said planks were used by travelers generally for a crossing; that appellant negligently failed to place permanent crossings over said Twelfth street, and negligently permitted said loose planks to remain there as indicated; that on August 1, 1895, some person, without appellee's knowledge or consent, took up said planks and raised the south ends thereof fourteen inches from the top of the ends down to the sidewalk, thus making a dangerous and unsafe approach from Twelfth street to said sidewalk; that appellant well knew of the condition of said crossing, on and prior to September 7, 1895, when appellee was injured, and permitted it to remain in said condition; that appellee did not often have occasion to use said crossing, but knew that the ends of said

City of Indianapolis *v*. Mitchell.

planks rested on the said sidewalk, making a step of about two inches before said change was made; that after said change was made, appellee had no occasion to use said crossing, and had no knowledge of said elevation, until she was injured; that on September 7, 1895, in the early morning, appellee was on her way to her work, and necessarily proceeded on foot over said planks to said sidewalk in the darkness, and arriving at the end thereof to step down from the ends of the planks to the sidewalk, and being unaware that said planks had been raised as aforesaid, she was, without any fault or negligence on her part, thrown violently to the ground and injured in her spine, internal organs, etc. That at the time of said injury she was exercising due care, and that said injury occurred without any fault or negligence on her part, but wholly from the fault or negligence of appellant. It is also averred that prior to said injury she was of robust health, able to work and earn a livelihood, but that her injuries, occasioned by stepping off of said planks, are permanent, and that she will never again be able to do any work, or earn her support.

It is first argued that the complaint is bad, because it shows that the appellee knew of the dangerous condition of the crossing, and under the rule declared in the case of *Town of Gosport* v. *Evans,* 112 Ind. 133, 2 Am. St. 164, and *City of Indianapolis* v. *Cook,* 99 Ind. 10, that one who knows of a dangerous obstruction in a street or sidewalk, and attempts to pass, when, on account of darkness or other hindering causes, he cannot see so as to avoid it, takes the risk upon himself, and must be held to be guilty of contributory negligence. This doctrine rests upon the principle that where there is danger and the peril is known, he who encounters it, voluntarily and unnecessarily, can not be regarded as exercising ordinary prudence, and therefore does so at his own risk. True, if the complaint, on its face, shows that appellee was guilty of negligence contributing to her injury, it must fall before a demurrer, for one who relies

upon the negligence of his adversary, as a basis for his cause of action, must himself be blameless. We do not, however, construe the complaint as showing affirmatively that appellee knew of the dangerous condition of the crossing. Her knowledge of its condition, prior to the date of her injury, was as it existed prior to August 1, 1895, when she alleges that it was changed. She shows that she had not had occasion to use it after it was changed, until the time she was injured, and that she did not know of its condition until she was injured. As she knew it, there was an off-set from the ends of the planks resting on the sidewalk of two inches, and as she encountered it, without any knowledge of its changed condition, she found an off-set of fourteen inches. She had no reason to anticipate this, as there was nothing to put her on her guard. She was traveling on a public street in a populous city, and had a right to use the crossing. She expected to find an off-set of two inches, and, so far as the complaint shows, was using ordinary care in passing over the crossing as she knew it; but, instead, she found one of fourteen inches, and injury resulted. The cases cited and relied on by appellant to support this contention are not in point, for in those cases the injured parties knew of the known dangers, and voluntarily and unnecessarily encountered them.

It is next urged that the complaint shows that the crossing was in good condition. It has been held that a street crossing of plank, raised from two to two and one-half inches in height above the level of the sidewalk, is a dangerous obstruction. *Glantz* v. *City of South Bend,* 106 Ind. 305. It is certainly much more dangerous if the plank be raised fourteen inches above the sidewalk.

Counsel next argue that the plank crossing, at the point of injury, was visible, and hence appellee might have avoided the injury by ordinary care.

We must determine this question from the pleading, and

not from the evidence. The complaint avers that she received her injury in the early morning, and while she was passing over the crossing in the darkness. This precludes the supposition that the point of injury was visible. She knew the condition of the walk as it formerly existed, and had a right to assume that it had not been changed, and was not required to stop and see if it had been changed. If the complaint shows that she was using ordinary care in passing over the crossing as it formerly existed, and we think it does, it is sufficient against this objection. She was not required to exercise extraordinary vigilance, to avoid a danger she did not anticipate, and of which she had no knowledge.

We are not to judge of appellee's conduct on the morning she was injured by the standard of what the most prudent person would have done under like circumstances, but by the broader and more general standard of what the ordinarily prudent person would have done. The ordinarily prudent person does not, when passing over public highways, look at every point where he steps, neither is he required to do so. While a municipality is not an insurer of persons passing over and upon its streets, yet it is required to keep its streets and sidewalks in a reasonably safe condition, to the end that in their use the ordinarily prudent traveler may pass over them in safety. A person traveling upon a public street has a right to assume, in the absence of notice to the contrary, that it is in a reasonably safe condition. *Stevens* v. *City of Logansport,* 76 Ind. 498; *Noblesville Gas, etc., Co.* v. *Loehr,* 124 Ind. 79. The complaint, in our judgment, was sufficient to withstand the demurrer.

Passing to the motion for a new trial, we find that appellant states ten reasons why a new trial should have been granted. Counsel for appellant have not taken up the questions thus raised, in their order, or referred to them by their numbers, and it is somewhat difficult, for this reason, to follow them. Much of the argument, we take, might be classed as coming under the second and third reasons for a

new trial, to wit, that the verdict is not sustained by sufficient evidence, and is contrary to law.

It is earnestly contended that when appellee was injured it was light enough for her to see the defect in the crossing, and that she did not see it shows that she was guilty of contributory negligence. Much stress is given to when twilight commenced, as shown by "The World Almanac". We cannot consider this argument, for the case, as made by appellee, depends upon the evidence. It was upon the evidence, under the instructions of the court, that the jury passed upon and determined whether or not appellee, at the time she was injured, was using ordinary care and prudence, and whether she was free from fault contributing to her own injury. By their verdict the jury determined these questions in her favor, and if there is any evidence in support of the verdict, as to such questions, it must stand. Appellee testified that it was not very light, that the morning was cloudy, and it was not light enough for her to "see a very great distance in front of" her. Also that it was just at break of day; that it was not real dark or real light; that she saw a man a little less than half a square away. So as to the degree of light, at the time, there is an uncertainty, and we have no way of determining it. Appellee says she was looking in front of her as she was walking; that she was looking where she was going; that there were two planks, and she walked over them; that she saw the cement walk; that she was looking around as anybody might look around; that she noticed the walk; that she was in a hurry; and that as she walked along the planks she was looking right down in front of her. This evidence strongly tends to show that she was using ordinary care, that is, such care as an ordinarily prudent person would have used under like circumstances, and that as to whether she was using such care was a question for the jury.

It is shown that the plank over which she was passing was about ten inches wide, and that underneath it was a gutter. This is a strong indication that she was paying attention to

where and how she was walking, for from the most favorable vantage point of the evidence to appellant, it was at least in the gray dawn of the morning. The degree of care that appellee was required to exercise is well expressed in the case of *Robb* v. *Connellsville,* 137 Pa. St. 42, 20 Atl. 564: "The plaintiff was bound to use her eyes. Not that she was to keep her eyes constantly and at every moment upon the pavement, but she was bound to do what people walking along the streets ought to do as they walk the streets in order to use them safely." Taking the evidence as a whole we think that it is fairly shown that appellee exercised such reasonable care as to show she was without fault or negligence contributing to her injury.

Appellant further contends that appellee was familiar with the crossing after it had been put in the condition it was at the time of the injury, and that she had passed over it since it had been changed. Upon this fact appellant urges that she cannot recover, because she exposed herself to known danger, in violation of the rule that one cannot voluntarily expose himself to known danger, and then recover for resulting injury. Upon this question, however, in this case, there is a sharp conflict in the evidence, and hence it was a question for the jury, and not for the court. The jury resolved the question in favor of appellee. This court can not, under the rule so often declared in this State, reverse the judgment on the ground that appellee was guilty of contributory negligence, unless the evidence is such as to make negligence a question of law, and not a mingled question of law and fact. If the only inference that can be drawn from the evidence is that she was guilty of negligence, then it becomes a question of law; but where more than one inference may be drawn by reasonable men, then it is a question of fact for the jury. *Baltimore, etc., R. Co.* v. *Walborn,* 127 Ind. 142; *Rush* v. *Coal Bluff, etc., Co.,* 131 Ind. 135; *Louisville, etc., R. Co.* v. *Williams,* 20 Ind. App. 576; *Evansville, etc., R. Co.* v. *Meadows,* 13 Ind. App. 155. In

this case, more than one inference may be drawn from the evidence upon the question of appellee's negligence or want of negligence.

The rule has been so far extended in this State that it can not be said, as a matter of law, that it is negligence for one to run through a dark street. This rule, of course, must rest upon the proposition that one has a right to assume that a public street is in a reasonably safe condition for travel. *Stevens* v. *City of Logansport,* 76 Ind. 498; *Noblesville Gas, etc., Co.* v. *Loehr,* 124 Ind. 79.

The next point of contention is that the complaint charges that the city had actual notice of the defect in the crossing, while the evidence shows that it only had constructive notice, and hence there is such a variance between the allegation and the evidence as to preclude a recovery. Appellant has not cited any authorities in support of this proposition. Notice to appellant may be inferred from the length of time the obstruction or defect has existed, as well as from other facts and circumstances. *City of Aurora* v. *Bitner,* 100 Ind. 396.

In *City of Evansville* v. *Wilter,* 86 Ind. 414, it was held that where an obstruction has been in a street or sidewalk for such a length of time as to be generally known to the people of the neighborhood, it is just and reasonable to suppose that the officers of the city have notice of it. This obstruction had existed for more than thirty days, and this fact is sufficient to warrant the inference of knowledge on the part of the city. *City of Logansport* v. *Justice,* 74 Ind. 378, 39 Am. Rep. 79. We do not think there is any substantial merit in this contention.

Appellant's ninth cause for a new trial is based upon newly discovered evidence, and is supported by affidavit. The newly discovered evidence upon which appellant relies relates to the physical condition of appellee since her injury. One of the witnesses, whose evidence appellant avers it could procure, upon another trial, would testify that he saw appel-

lee riding a bicycle since her injury. The other two are physicians, whom appellee procured to make an examination of her, so that they might testify as experts for her, but whom she did not call, and the affidavit shows that the reason she did not call them was because their evidence would have been unfavorable to her. There is one reason, at least, why it was not error for the court to overrule the motion for a new trial on this ground, viz., because the newly discovered evidence goes to the physical condition of appellee since her injury, and hence is merely cumulative, for upon that point there was much evidence introduced, pro and con. The rule is too well settled to require comment, that a new trial will not be granted on the ground of newly discovered evidence, where such evidence is merely cumulative, or corroborative of evidence given in a former trial. *Marshall* v. *Mathers,* 103 Ind. 458; *De Hart* v. *Aper,* 107 Ind. 460; *Offutt* v. *Gowdy,* 18 Ind. App. 602; *Watts* v. *Moffett,* 12 Ind. App. 399; *Richter* v. *Meyers,* 5 Ind. App. 33; *Westbrook* v. *Aultman,* 3 Ind. App. 83. Appellant has wholly failed to make a showing that would entitle it to a new trial on the ground of newly discovered evidence.

One of the grounds for a new trial was alleged error in giving and refusing to give certain instructions. The questions thus attempted to be raised cannot be considered for two reasons. (1) Instructions given by the court, on its own motion, are not properly in the record, and (2) it affirmatively appears that all instructions are not in the record. At the proper time, both appellant and appellee tendered to the court written instructions, with a request that they be given. On page fifteen of the transcript, immediately following the instructions tendered by appellee, is the following entry by the clerk: "Instructions asked by plaintiff omitted by appellant". Thus the record affirmatively discloses the fact that all of the instructions are not in the record. The court on its own motion gave a series of instructions numbered from one to twenty-two, inclusive.

City of Indianapolis *v.* Mitchell.

The record shows that the instructions were filed, and ordered made a part of the record, but those given by the court are not signed by the judge. This is essential, both under the statute and the decided cases. §542 Burns 1901, subd. 6; *Hall* v. *State, ex rel.,* 23 Ind. App. 521; *Harlan* v. *Brown,* 4 Ind. App. 319; *Silver* v. *Parr,* 115 Ind. 113; *Van Sickle* v. *Belknap,* 129 Ind. 558; *Sexson* v. *Hoover,* 1 Ind. App. 65.

No attempt is made to bring the instructions into the record by bill of exceptions. Following several of the instructions given by the court are memoranda of exceptions taken by appellant, and each of these exceptions is signed by the judge, as provided by §544 Burns 1901. But the properly dated and signed memoranda, following some of the instructions, are not sufficient to bring the instructions into the record. It is clear, therefore, that the instructions given by the court are not properly in the record, and hence if any of them were erroneous, the error cannot now be reviewed.

The instructions tendered by appellant, being two in number, were signed by the attorneys, and the record shows they were filed and ordered made a part of the record. They are thus brought into the record, but if it be conceded that instruction number two, which the court refused to give, correctly states the law, the error cannot be corrected on appeal, for the reason that where it appears that all the instructions given are not in the record, an objection that the court erred in refusing to give the instructions asked is unavailing. *City of New Albany* v. *McCulloch,* 127 Ind. 500; *Wilson* v. *Johnson,* 145 Ind. 40; *Hall* v. *State, ex rel.,* 23 Ind. App. 521; *Connor* v. *Citizens St. R. Co.,* 146 Ind. 430; *Baltimore, etc , R. Co.* v. *Conoyer,* 149 Ind. 524.

As the record comes to us, we do not find any reversible error.

Judgment affirmed.