## J. I. CASE THRESHING MACHINE COMPANY v. MILLIKAN.

[No. 3,891.   Filed April 25, 1902.]

APPEAL.—*Paragraph of Pleading Questioned First on Appeal.*—In order to question the sufficiency of any paragraph of pleading by an assignment of error, it must be assigned that the pleading as an entirety is insufficient.   p. 686.

PLEADING.—*Verification.*—*Demurrer.*—The failure to verify a cross-complaint is not reached by a demurrer for want of sufficient facts.   p. 687.

APPEAL.—*Evidence Not in Record.*—The evidence is not in the record where the record does not show an attempt to incorporate the evidence in a bill of exceptions, and that the same was certified by the judge before it was filed with the clerk.   p. 687.

From Hamilton Circuit Court; *J. F. Neal,* Judge.

Action on notes, and to foreclose chattel mortgage, by J. I. Case Threshing Machine Company against Clark Millikan.   From a judgment in favor of plaintiff on its complaint, and in favor of defendant on his cross-complaint, plaintiff appeals.   *Affirmed.*

*M. W. Hopkins, R. T. MacFall, I. W. Christian* and *W. S. Christian,* for appellant.

*F. E. Gavin, T. P. Davis, J. L. Gavin* and *A. C. Pearson,* for appellee.

ROBINSON, P. J.—Appellant sued on four notes and to foreclose a chattel mortgage.   Appellee filed a cross-complaint in two paragraphs, asking, as to him, a cancelation of two of the notes upon which he was surety.   There was a finding for appellant on its complaint, and for appellee on his cross-complaint.

Each of the first two errors assigned seeks to question the sufficiency of a separate paragraph of the cross-complaint. It is well settled that to question the sufficiency of any paragraph of a pleading by an assignment of error, it must be assigned that the pleading as an entirety is insufficient.

*Louisville, etc., R. Co.* v. *Norman,* 17 Ind. App. 355, and cases cited.

Overruling appellant's demurrer to the cross-complaint is assigned as error. The demurrer is joint as to both paragraphs. Counsel for appellant, in their argument, have not questioned the sufficiency of the second paragraph. This paragraph sets out the two notes, avers that they were not executed by appellee, and asks their cancelation. It is unnecessary to decide whether such a pleading should be verified, for, if it should, the want of verification would not be reached by a demurrer for want of facts. *Decker* v. *Gilbert,* 80 Ind. 107; *Buchanan* v. *Logansport, etc., R. Co.,* 71 Ind. 265; *Turner* v. *Cook,* 36 Ind. 129. See, *Newby* v. *Rogers,* 54 Ind. 193; *Cincinnati, etc., Co.,* v. *Chenoweth,* 22 Ind. App. 685. And going to trial without verification, even if that was necessary, waived verification.

If the evidence is not in the record, as insisted by counsel for appellee, the questions under the motion for a new trial are not presented. An attempt was made to bring the evidence into the record under the act of 1899, and a compliance with that act is shown. But since appellant's briefs were filed the Supreme Court has held that act unconstitutional. *Adams* v. *State,* 156 Ind. 596. The record before us recites that the reporter filed the evidence with the clerk July 10, 1899. The judge certifies that the evidence so filed by the reporter is true and correct, and his certificate is dated July 10, 1899. There is no record entry or certificate that the evidence, after the judge certified to its correctness, was filed with the clerk; nor is there anything to show any attempt to incorporate the evidence in any bill of exceptions. The evidence is not in the record. *Rohrof* v. *Schulte,* 154 Ind. 183; *Luckenbill* v. *Kreig,* 153 Ind. 479.

Judgment affirmed.