## THE CITY OF EVANSVILLE *v.* FRAZER.

[No. 3,053.   Filed March 15, 1900.   Rehearing Denied May 15, 1900.]

JUDICIAL NOTICE.—*Incorporation of Cities.*—*City of Evansville.*—The Appellate Court takes judicial notice that the city of Evansville has been incorporated under the general statute relating to cities having a population of more than 50,000 and less than 100,000 inhabitants, as shown by the last census of the United States.   *p. 629.*

MUNICIPAL CORPORATIONS.—*Negligence.*—*Personal Injuries.*—*Repair of Sidewalks.*—*City of Evansville.*—A city incorporated under the act of 1893 (Acts 1893, p. 65), as amended, for the government of cities having a population of more than 50,000 and less than 100,000 inhabitants, cannot escape responsibility for neglect to keep its sidewalks in repair because of lack of power given by statute to such city to keep them in repair.   *pp. 629-632.*

SAME.—*Negligence.*—*Defective Sidewalks.*—*Notice of Defect.*—*Personal Injuries.*—*Complaint.*—A complaint against a city for a personal injury sustained by reason of a defective board sidewalk alleged to have been permitted by such city to be and become out of repair, decayed and rotten, is not bad, when questioned for the first time on appeal, for failing to allege that it had been out of repair for any designated period, or that the city had knowledge or notice of its decayed condition for any specified period before the time of the injury.   *pp. 631-633.*

From the Vanderburgh Superior Court.   *Affirmed.*

*D. C. Givens,* for appellant.

*F. B. Posey* and *D. Q. Chappell,* for appellee.

BLACK, J.—The appellee recovered judgment against the appellant for damages because of personal injuries suffered by the appellee from his falling upon the sidewalk of a public street, alleged to be defective through appellant's negligence.

The appellant attacks the complaint by assignment that it does not state facts sufficient to constitute a cause of action. By way of argument in support of this assignment, it is conceded that the rule in this State applicable to cities and towns is that they are required to exercise ordinary diligence to keep the streets and sidewalks therein "in a reasonably safe condition for ordinary travel in the ordinary modes, and liable for knowingly and negligently failing to discharge this duty;" yet it is claimed that the city of Evansville is not liable for failure to keep its sidewalks in repair, by reason of what are claimed to be peculiar statutory provisions relating to that city.

We take notice judicially that the city of Evansville, Indiana, is, and since March 3, 1893, has been, a city incorporated under the general statute relating to cities having a population of more than 50,000 and less than 100,000 inhabitants, as shown by the last census of the United States. Acts 1893, p. 65 *et seq.;* Acts 1895, p. 258 *et seq.;* §3905 *et seq.* Burns 1894, §6950 *et seq.* Horner 1897; §3918 *et seq.* Burns Supp. See *Stultz* v. *State,* 65 Ind. 492; *Pennsylvania Co.* v. *Horton,* 132 Ind. 189. It is contended, in effect, that, under these statutes, the city of Evansville is not given authority to devote her funds to making repairs of sidewalks, and can not make the repairs herself, but that, in the event of the failure of the owner of the property abutting on the sidewalk to make the repair upon the order of the department of public works of the city, the repair can be made by the city only through independent contractors to be paid through assessment upon the abutting property, as provided in amended section seventy-three of said statute, which sets forth a

method of making or repairing sidewalks, and provides that the word "street" or "alley," as used in the act, "so far as the same relates to the improvements thereof, shall not be deemed to include any sidewalk, but the *improvements* of sidewalks shall be governed exclusively by the provisions hereinbefore set forth for the *improvement* of sidewalks, and by such ordinances as the common council shall pass in reference thereto." And thereupon it is suggested by appellant that such statutes authorizing the assessments are void, as being in conflict with the fourteenth amendment of the Constitution of the United States, citing *Norwood* v. *Baker*, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. ed. 443, and *Loeb* v. *Trustees, etc.*, 91 Fed. 37. And therefore it is claimed that the appellant has no power whatever to cause sidewalks to be repaired.

In this claim of counsel in respect to the effect of the statute there is a failure to take proper account of amended section sixty thereof, wherein it is provided that it shall be the duty of the department of public works "to have general supervision over the streets and alleys of the city, and to keep the same in repair and to provide for cleaning the same. The cost of such repairs and of cleaning and sweeping such streets shall be paid out of the general fund. Nothing herein contained shall be so construed as to require the cost of any improvement of any street, alley, or sidewalk * * * to be paid out of the general fund, except when the cost of such improvement shall exceed forty per cent. of the value of the property to be assessed therefor, and then only in the manner and to the extent hereinafter provided. It shall be the duty of said department of public works, whenever any work ordered or undertaken by it is payable out of the general treasury of such city, from funds belonging to such city, to cause said work to be done either by independent contract or by employes of said board, as it may deem best; but whenever any work ordered or undertaken by said board is to be paid for in

whole or in part by assessments, and is in the nature of the improvement of any street, alley or sidewalk, or is for the construction of any sewer or any other improvement of a general nature, then said board shall cause said work to be done by independent contractors."

It is alleged in the complaint that the sidewalk in question was constructed by the city, and was made of wood, and was, and for twenty years had been, a wooden structure, on the south side of Franklin street, which had been kept and maintained by the city as a public street, highway, £...d thoroughfare in said city during said period. No question as to the authority of the city to construct the side- walk, or as to the validity of the method by which it was constructed or paid for, is before us in this case. The question here is as to the duty of the city to keep in ordinary repair, so as to be reasonably safe for use by persons pass- ing along it exercising ordinary care, an existing sidewalk of the city, in use by the public, as to which it is expressly made the duty of the department of public works to have general supervision over it, and to keep it in repair; the cost of the repairing to be paid out of the general fund of the city. It is not needed, therefore, in this cause, that the question as to the constitutionality of statutory provisions for the assessment of the cost of street improvements on abutting real estate be determined. Whatever be the prin- ciples to which it were better to refer the doctrine of the responsibility of municipal corporations for the unsafe con- dition of their streets, which is conceded by the appellant, it is quite-certain that in this State a city having the duty and authority prescribed by the statute under which the city of Evansville is incorporated, particularly section sixty thereof, cannot escape responsibility for neglect to repair a sidewalk under the circumstances of this case.

It is claimed that, assuming the liability of the city for failure to keep its sidewalks in repair, still the complaint does not state facts sufficient. It is alleged in the complaint

that "said part of said sidewalk between Seventh avenue and said bridge on Franklin street was negligently and carelessly suffered, permitted, and allowed by said city to be and become out of repair; that the timbers, boards, planks, and materials thereof being on said 29th day of September, 1897, decayed and rotten, to such an extent that it was dangerous for passengers and persons to walk and pass over the same, all of which was known to said city; that on said day the plaintiff, not knowing the decayed condition of said sidewalk and said part of said sidewalk, was walking on and over the same, and by reason of the decayed and dangerous condition of said sidewalk as aforesaid, caused by the neglect and failure of said city to repair the same and to keep the same in a safe condition, and without any fault on plaintiff's part whatever, one of the planks, pieces of timber, and parts of said sidewalk broke and gave way, and by reason thereof the plaintiff was thrown and fell with great force on said sidewalk, whereby the plaintiff, without any fault on his part, was greatly injured and damaged, to wit," etc. It is shown that the part of the sidewalk which broke down did so by reason of its rotten and decayed condition, and that it was negligently permitted to become so unsafe by the city. It is not stated that it had been thus out of repair for any designated period, nor is it expressly alleged that the city had knowledge or notice of its decayed condition for any specified period before the time of the injury.

The municipal corporation is bound to exercise active vigilance to ascertain the condition of its streets; and, if there has been opportunity to observe a defect by the performance of such duty, notice of its existence must be imputed; it will be presumed that there was notice of defects which might have been discovered by the exercise of reasonable diligence. Municipal officers are chargeable with knowledge of the tendency of wooden sidewalks of the city to decay and become rotten and unsafe for the use for

which they were constructed; they must take notice of the liability of such material to decay; and it is incumbent upon the city to exercise reasonable care and vigilance in the inspection of such structures and in providing against their becoming unsafe through decay. *Board, etc.,* v. *Legg,* 93 Ind. 523, 47 Am. Rep. 390; *Board, etc.,* v. *Legg,* 110 Ind. 479; *City of Ft. Wayne* v. *Coombs,* 107 Ind. 75; *Bonebrake* v. *Board, etc.,* 141 Ind. 62; *Furnell* v. *City of St. Paul,* 20 Minn. 117; *Rapho* v. *Moore,* 68 Pa. St. 404.

It has been held that, when the dangerous condition of a bridge or highway was not created by the wrong of another, but arose from the act of the municipal corporation itself, or from decay or rottenness of the structure, it is sufficient in the complaint, even on demurrer thereto, to charge generally the negligence of the defendant corporation in the act or omission complained of, and that no averment of notice is necessary. *Board, etc.,* v. *Bacon,* 96 Ind. 31. Whether or not the decision last mentioned is fully upheld by principle or authority, we need not inquire. The complaint before us was not attacked in the court below, but is assailed here for the first time. In *City of Madison* v. *Baker,* 103 Ind. 41, it was said of the complaint: "The indirect and inferential averments, that the highway, within the corporate limits of the city and where the wagon ran into the ditch, was carelessly and negligently permitted to be out of repair, and that the city had knowledge that it was so out of repair, fairly and plainly imply that the city had notice of the bad condition of the street when the plaintiff and his daughter were injured, and after verdict we will infer that the notice was in time to have enabled the city to repair the street, if it had desired to do so."

Under an assignment that the court erred in overruling the appellant's motion for a new trial, it is claimed that the verdict was not sustained by sufficient evidence, and that the amount of damages ($425) was too large; but, under well settled and familiar rules, we can not disturb the result reached in the trial court. Judgment affirmed.