## CITY OF VALPARAISO v. SCHWERDT.

[No. 5,930.   Filed December 10, 1907.]

1. TRIAL.—*Undisputed Facts.—When for Jury.*—Where the facts are undisputed and diverse inferences may reasonably be drawn therefrom, the question of negligence is for the jury.   p. 610.

2. MUNICIPAL CORPORATIONS. — *Streets. — Safety. — Observation. — Care.*—A traveler has the right to assume that city streets are safe for travel; and though he must use his faculties in an ordinary way to discover dangers, this does not require a constant look at the street or an active search for defects.   p. 610.

3. SAME.—*Sidewalks.—Open Defects.—Contributory Negligence.*— A traveler is not, as a matter of law, guilty of contributory negligence under all circumstances in failing to discover an open defect in a sidewalk, into which he fell.   p. 611.

4. SAME.—*Sidewalks.—Defects.—Knowledge.—Contributory Negligence.—Question for Jury.*—Whether a pedestrian walking upon a sidewalk, in the daytime, having knowledge six weeks previous of a dangerous depression in such sidewalk, was guilty of contributory negligence in stepping therein as she turned to speak to a person in the rear, meanwhile continuing on her way, is a question for the jury.   p. 612.

5. TRIAL.—*Instructions.—Municipal Corporations.—Defective Sidewalks.—Contributory Negligence.*—An instruction in an action against a city on account of injuries sustained because of a defective sidewalk, that "slight negligence, which is merely a want of extraordinary care, will not defeat a recovery" is erroneous, the doctrine of degrees of negligence being incapable of practical application.   p. 612.

6. NEGLIGENCE.—*Ordinary Care.*—The exercise of ordinary care under the particular circumstances is the correct test of negligence and of contributory negligence.   p. 613.

From Porter Circuit Court; *Willis C. McMahan*, Judge.

Action by Belle Schwerdt against the City of Valparaiso. From a judgment on a verdict for plaintiff for $400, defendant appeals.   *Reversed.*

*H. H. Loring*, for appellant.
*C. B. Tinkham*, for appellee.

HADLEY, P. J.—This was an action brought by appellee against the appellant on account of injuries sustained by appellee as a consequence of falling on a defective sidewalk on

LaFayette street in the city of Valparaiso. The sidewalk, where the accident occurred, was paved with brick and was four and one-half feet wide. At the place of the accident some of the bricks had become loosened and a part of the embankment had washed out, the washout and loosened bricks extending into the sidewalk about eighteen inches. At this place the sidewalk was three and one-half feet above the street, and it was averred that appellant had carelessly and negligently permitted this defect in the sidewalk to remain for a period of six months. Appellee, while prudently and carefully walking along said street, unaware of such dangerous opening, and while her attention was momentarily diverted from said walk to a gentleman who addressed her, stepped into the hole and was injured. Trial was had by a jury and general verdict rendered in favor of appellee, together with answers to interrogatories. Motion by appellant for judgment on the answers to interrogatories and motion for new trial were overruled.

There is no conflict in the evidence on the substantial facts, and it conclusively shows that the opening extended into the walk from the outside about eighteen inches, leaving thirty-eight inches of the walk inside of said opening in good condition for travel. This opening was on the same street and on the same side of the street, and within two and one-half blocks of appellee's residence, and was between appellee's residence and her church and the business portion of the city. Appellee passed over this sidewalk several times before the injury. She noticed the opening about six weeks prior to the date of the injury, but she neither saw it nor knew of it when injured. At the time of the injury she was walking slowly along said street about 10 o'clock in the morning, on a bright, sunshiny day. As she neared the opening in the sidewalk she addressed a remark to a gentleman on the porch of a nearby dwelling. This remark was replied to, and she proceeded on her way a few steps, when

the gentleman uttered a sharp exclamation, which caused her to turn quickly. In doing so her foot slipped on one of the loose bricks and down into the excavation, and she was thereby precipitated down the embankment, and fell on her head and shoulders.

These being the undisputed facts, do they necessarily entail the ultimate inference on our part that appellee was contributorily negligent? It is elementary that issues of fact must be decided by the jury. But where the probative facts are undisputed, and where all reasonable minds can draw but one inference from them, the question to be determined is one of law for the court. *Chicago, etc., R. Co.* v. *Martin* (1903), 31 Ind. App. 308, and cases cited; *City of Indianapolis* v. *Mitchell* (1901), 27 Ind. App. 589; *Louisville, etc., R. Co.* v. *Williams* (1898), 20 Ind. App. 576; *Baltimore, etc., R. Co.* v. *Walborn* (1891), 127 Ind. 142. The theory of this rule being that, where there is no disputed issue of fact and in reason no controversy as to the inferences to be drawn from the undisputed facts, no real question of fact is left for the jury to pass upon. *Mosheuvel* v. *District of Columbia* (1903), 191 U. S. 247, 24 Sup. Ct. 57, 48 L. Ed. 170. Where, however, different inferences might reasonably be drawn by reasonable men from undisputed facts, the question becomes one for the jury. *Baltimore, etc., R. Co.* v. *Walborn, supra; City of Indianapolis* v. *Mitchell, supra.*

A person on a city street has a right to assume that the same is reasonably safe for travel. *Stevens* v. *City of Logansport* (1881), 76 Ind. 498; *Noblesville Gas, etc., Co.* v. *Loehr* (1890), 124 Ind. 79. A person walking along a public street is bound to use his faculties for observation in an ordinary and reasonable way proportionate to the dangers to be apprehended from the time, place, and existing conditions; but he is not bound to keep his eyes constantly upon the pavement. *City of Indianapolis* v. *Mitchell, supra; City of Bluffton* v. *McAfee*

(1899), 23 Ind. App. 112. He is not required to make an active search for defects (*Lord* v. *City of Mobile* [1896], 113 Ala. 360), nor to look for danger at every step (*Cummings* v. *Village of New Rochelle* [1899], 38 Hun, App. Div., 583, 56 N. Y. Supp. 701). He has the right to assume that the public officers have done their duty, unless there is some notice, or he has some knowledge, to put him on his guard. *Dickson* v. *Hollister* (1889), 123 Pa. St. 421, 16 Atl. 484, 10 Am. St. 533.

He is not, as a matter of law, guilty of negligence, under all circumstances, in failing to discover even an open defect. *Barnes* v. *Town of Marcus* (1896), 96 Iowa 675, 65 N. W. 984. This is especially true when a person's attention is diverted by some sufficient cause, as when he steps into an open hatchway while looking at other objects (*Barstow* v. *City of Berlin* [1874], 34 Wis. 357); or strikes his foot on a misplaced plank while looking at a runaway (*Weisenberg* v. *City of Appleton* [1870], 26 Wis. 56, 7 Am. Rep. 39); or, while running along with his hands in his pockets, stumbles over a projection (*Wilton* v. *City of Flint* [1901], 128 Mich. 156, 87 N. W. 86); or, while watching children at play, steps into a hole in the sidewalk (*Collins* v. *Janesville* [1903], 117 Wis. 415, 94 N. W. 309); or where, upon hearing a whistle that startles and frightens a woman, she stumbles over a loose plank (*Graves* v. *City of Battle Creek* [1893], 95 Mich. 266, 54 N. W. 757, 19 L. R. A. 641, 35 Am. St. 561); or where a person is accosted by a friend and slips upon a hummock of ice (*Kenyon* v. *City of Mondovi* [1897], 98 Wis. 50, 73 N. W. 314); or where one in going down the steps of a restaurant and on reaching the pavement, suddenly turns, and in doing so steps into an opening leading into a basement (*City of Chicago* v. *Babcock* [1892], 143 Ill. 358, 32 N. E. 271); or where one, while looking at a ferryboat, steps into a hole in the sidewalk (*Wood* v. *City of Boston* [1876], 121 Mass. 337); or where a woman, on leaving her home, endeavors to step over

an open water-box, situated immediately in front of her doorstep, knowing it to be there, steps into the same (*Mosheuvel* v. *District of Columbia, supra*).

In all these cases it was held that whether the party injured was exercising due care was a question of fact for the jury. So in the case before us, on the facts here shown, the 4. question, whether appellee, under all the circumstances of the case, was exercising the care of an ordinarily prudent person, is one upon which reasonable men might differ, and, this being true, it was a question to be determined by the jury, and their decision is binding upon us. It is urged that appellee had knowledge of the defect, and hence was charged with greater care than if she had no such knowledge. She testified that she noticed the defect six weeks before the accident, but that she did not know of the defect at the time of the accident. As was said in *City of Bluffton* v. *McAfee, supra:* "Whether appellee, at the time of the injury, knew of the defect was a fact for the jury to find, and they say she did not. This is in no sense inconsistent with the finding that she did know of the defect when she passed by it a month before. She might have known of it a month before, but that did not necessarily charge her with knowledge of it when injured. She was charged with no duty with reference to it, and the question was not whether she had at some prior time known of it, but whether she knew of it at the time of the injury."

The jury expressly found that appellee had no knowledge of the defect at the time of the accident. Our decision upon this question determines the questions raised on the complaint and the answers to the interrogatories.

Instruction nine, given by the court upon request of the plaintiff was as follows: "A traveller on a public street or sidewalk is held to the exercise of only ordinary care. 5. Slight negligence, which is merely a want of extraordinary care, will not defeat a recovery for an injury received in consequence of a defect in a public side-

walk, provided the evidence shows that the city authorities were guilty of negligence in permitting the defect to exist, and that the traveller was injured thereby, unless the evidence also discloses that the injured person was not using ordinary care at the time of the injury.'' It is urged that this instruction is erroneous, in that it was misleading and fixed a wrong standard of negligence, and with this contention we must agree. It is true, some jurisdictions have recognized degrees of negligence (*Coggs* v. *Bernard* [1703], 2 Raymond 909); but modern authority, as a rule, has discarded such subtle refinements. Since negligence has reference to a course of action that must vary under different circumstances, it cannot be set off into divisions by mathematical lines. And to say to a jury that a person may be guilty of a little negligence, and not be culpable, is to remove all standards for its guidance and turn it loose in the fields of conjecture and caprice. It is true, the jury is told that lack of the exercise of ordinary care will defeat recovery; but what impression does this statement make on the average mind when coupled with the statement previously made that ''slight negligence, which is merely lack of extraordinary care,'' will not defeat a recovery. Where does ordinary care end and extraordinary care begin? What is the difference between negligence and slight negligence? A refinement of distinction is here sought that would be confusing and dangerous to recognize, and our courts have uniformly failed to give it sanction. The rule of action,

6. as clearly enunciated and adhered to by our courts in cases like this, is that a person shall exercise ordinary and reasonable care. What is such care is governed and measured by the facts and circumstances of the particular case. In *Lake Erie, etc., R. Co.* v. *Ford* (1906), 167 Ind. 205, the court says: ''There has been much discussion in the books concerning the correctness of the old doctrine as to degrees of negligence. * * * While we apprehend that the adverse opinions which have been expressed concern-

ing such doctrine were not intended to be understood as militating against the view that the legal standard of care is not the same in all relations, or to discountenance the practice of charging the jury in terms that indicate the extent of care required, as great, ordinary, or slight, * * * yet the point which we wish to enforce now is that in all cases negligence consists simply in a failure to measure up to the legal standard of care. *, * * 'The very statement of the general rule that reasonable care is required to prevent injuries to others from fire, implies that what is reasonable care must depend upon the circumstances of each particular case. It is, however, inaccurate to say, as many of the cases do, that the degree of care varies with the particular circumstances. It is only reasonable care that is required in any case; but the greater the danger, or the more likely the communication of fire and the ignition of property of others, the more precautions and the closer vigilance reasonable care requires.' " If the plaintiff has exercised such care, he is held to be free from negligence in any degree. If he has failed to exercise such care in any particular he is held to be guilty of negligence and cannot recover. But he cannot be held to have exercised such care and also be guilty of even slight negligence. The one is an absolute denial of the other.

Practically the only question in this case was whether appellee was negligent at the time of the injury. The evidence on this point presents facts which we have determined involve doubts sufficient to make it a question for the jury. But such submission should be made with very clear instructions as to the rights and duties of the parties. The instruction in question is not clear, and recognizes a distinction in negligence not sanctioned by our authorities, and was therefore reversible error. As was said in *Lake Erie, etc., R. Co.* v. *Ford, supra:* "The viciousness of the instruction in question lies in its tendency to lead the jury to infer that the legal standard of ordinary care was raised by the circumstances recited, thus making possible the inference that a

great but undefined extent of care was required, whereas all that the law exacted was the ordinary care which the situation demanded, or such care as it is to be assumed that an ordinarily prudent man would exercise in the circumstances, were the risk his own.'' The quotation is applicable, except that the apparent purport of instruction nine was to lower, instead of raise, the standard of care required, and to make distinctions in the degree of negligence.

For error in this instruction the cause is reversed, with instructions to grant a new trial.