## TOWN OF NEW CASTLE v. MULLEN.

[No. 6,275.   Filed February 16, 1909.]

1. NEGLIGENCE.—*Municipal Corporations.—New Trial.—Failure of Proof.*—Under a complaint alleging that the plaintiff was injured by falling into a hole in a sidewalk, evidence, by one witness, that plaintiff was "right by" such hole when she fell, by another, that he saw plaintiff fall, and then described said hole, and, by the plaintiff, that she stepped upon the brick and her foot turned throwing her backwards, sustains an inference that the injury was caused by the defect set out in the complaint. p. 281.

2. NEGLIGENCE. — *Defective Sidewalks. — Knowledge. — Care Required.—Contributory Negligence.*—The use of a defective sidewalk by one knowing of such defect does not constitute contributory negligence, but care commensurate with the known danger is required. p. 282.

3. APPEAL.—*Fair Trial.—Clear Instructions.*—Where the parties are given a fair trial upon the merits and the jury is clearly instructed, the judgment will not be disutrbed on appeal. p. 282.

From Fayette Circuit Court; *George L. Gray*, Judge.

Action by Martha J. Mullen against the Town of New Castle. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Beach & Mikels* and *Reuben Conner*, for appellant.

*H. H. Evans, D. W. McKee* and *S. H. 'Brown,* for appellant.

Roby, J.—Suit to recover damages on account of personal injuries alleged to have been caused by a defective sidewalk. The complaint is in one paragraph; issue was made by a general denial; trial by jury; verdict and judgment for $500. The assignment of errors is addressed to the action of the court in overruling appellant's motion for a new trial.

The defect is described in the complaint as follows: "That prior to August 10, 1904, the sidewalk became out of repair, the bricks had become loose, and had been removed from said sidewalk, thereby causing a hole to be made therein, about four feet long, two feet wide and six inches deep; that said sidewalk had been out of repair for a long time prior to August 10, 1904, and is still out of repair, and that said defendant had full knowledge thereof." The facts established without dispute are that appellee, while walking along said sidewalk on a certain night in August, 1904, fell and was injured. Thirty-three grounds for a new trial are stated.

Under the specification that the verdict is not sustained by the evidence, it is insisted that there is no testimony connecting appellee's fall with the hole in the sidewalk, which is shown to have existed substantially as alleged. The accident took place in the immediate vicinity of the defect. A witness who was with appellee testified that they were "right by" the hole when the accident happened. Another witness testified that he saw appellee fall, observed the place where she fell, and described the hole to the jury. Appellee testified: "When I stepped

with my right foot upon the brick my right foot turned, and that threw me on my left one and threw me backward.'' No attention was directed to the alleged defective proof, and the inference drawn by the jury was a reasonable one and within its province.

Counsel for appellant base their principal argument upon the proposition that ''we maintain the law to be that a person who has knowledge of a defective sidewalk, and with such knowledge of its dangerous condition voluntarily and unnecessarily walks over the same and is injured thereby, cannot be considered as using that ordinary care and foresight that the law requires of a prudent person, and under such circumstances uses the sidewalk at his risk, and if injured cannot recover. 'In other words, the disregard of the knowledge he has of the dangerous condition, by which an injury results, amounts to contributory negligence,' ''—and say that the court erred in refusing to give instruction three, asked by defendant. The law is otherwise. Knowledge that a public street is so defective as to be dangerous does not make it contributory negligence for a traveler to use it, but he is only required to use a degree of care commensurate with the known danger. *City of Indianapolis* v. *Mullally* (1906), 38 Ind. App. 125; *City of Valparaiso* v. *Schwerdt* (1907), 40 Ind. App. 608; *City of Bluffton* v. *McAfee* (1899), 23 Ind. App. 112.

The instructions as a whole state the law. The case seems to have been fairly tried, and the judgment is therefore affirmed.