CITY OF NEW ALBANY v. STALLINGS.

[No. 10,093.  Filed October 28, 1919.]

1. MUNICIPAL CORPORATIONS.—Sidewalks.—Defects.—Observation.—A traveler has the right to assume that city sidewalks are reasonably safe for travel; and though he must use his faculties for observation in an ordinary and reasonable way proportionate to the dangers apprehended, this does not require an active search for defects, nor a constant expectation of danger, and he is not necessarily guilty of negligence as matter of law in failing to observe an open defect, especially when his attention is diverted by some sufficient cause. . p. 236.

2. MUNICIPAL CORPORATIONS.—Defective Sidewalk.—Personal Injuries.—Contributory Negligence.—Since the enactment of §362 Burns 1914, Acts 1899 p. 62, contributory negligence is a matter of defense in an action against a city for personal injuries caused by a defective sidewalk.  p. 236.

3. MUNICIPAL CORPORATIONS. — Sidewalks. — Personal Injuries. — Negligence.—In an action for personal injuries from a fall occasioned by a defective condition of a sidewalk used as much as any other in the city, where it consisted of bricks, loosely laid without sand or other filler, on a slope two feet long, descending five or six inches, where by the ordinary use of the sidewalk spaces of two to three inches were occasioned between the bricks, and such condition had existed for several weeks, negligence on the part of the city was a question of fact for the jury.  p. 237.

4. MUNICIPAL CORPORATIONS. — Sidewalks. — Personal Injuries. — Contributory Negligence.—In an action for personal injuries

from a fall occasioned by a loose brick and hole between bricks in a sidewalk, where the plaintiff did not see the loose brick or know of the hole, but was giving her attention to a vegetable display along the sidewalk, which was one traveled as much or more than any other in the city, the question of contributory negligence was one of fact for the jury. p. 237.

5. APPEAL. — Negligence. — Contributory Negligence.—Evidence.—Sufficiency.—In an action involving negligence and contributory negligence where under the evidence they are both questions for the jury and where there is evidence to support the verdict, it cannot be disturbed on appeal. p. 237.

6. APPEAL.—Damages.—Conflicting Evidence.—Where in an action for personal injuries there is conflicting evidence as to whether plaintiff was ruptured by falling at the time complained of or had previously been ruptured, the question is one for the jury. p. 237.

7. DAMAGES.—Amount.—Review.—The Appellate Court cannot say that a verdict for $1,650 is excessive or due to improper influences where the plaintiff has sustained a fall during which she struck her hand upon a wooden bench, sprained her thumb and wrist, twisted her body and suffered a rupture, and was permanently injured thereby. p. 237.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by Amelia Stallings against the city of New Albany. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles L. Jewett, Henry E. Jewett* and *Walter E. Jewett,* for appellant.

*Evan B. Stotsenburg and John H. Weathers,* for appellee.

McMAHAN, J.—Action by appellee to recover damages alleged to have been sustained by reason of a defective sidewalk. There was a verdict and judgment in her favor for $1,650. Appellant's contentions are that the court erred in overruling its motion for a new trial for the reasons: (1) That the verdict

is not sustained by sufficient evidence; and (2) that the damages are excessive.

Appellee while walking along the sidewalk on one of the public streets in the city of New Albany, in front of a grocery store, saw some beans displayed in front of the store, and, in turning and walking toward the store, she stepped upon a loose brick in the sidewalk, which slipped or turned under her weight and her foot slipped into a hole in the walk where another loose brick had been misplaced and knocked out by people walking over the sidewalk. When her foot slipped into this hole, she started to fall, and in falling she struck her hand on a bench or some hard substance and sprained her thumb and ankle, hurt her foot, and suffered a rupture so that she is required to wear a truss. She did not see the loose brick or know there was a hole in the walk. The sidewalk where she was injured was traveled as much or more than any of the other sidewalks in the city. The sidewalk immediately in front of the grocery store where she was hurt was new and made of concrete, while the walk in front of the adjoining building and over which she had just passed was made of brick and was five or six inches higher than the concrete walk. When the concrete walk was constructed, the workmen took up the brick walk for a distance of two feet and made a slope from the brick walk down to the concrete walk.

The condition of the sidewalk is best told by the witness Justice A. Kraft, who was a councilman at large in the city of New Albany at the time of the accident. He says in substance that, when the sidewalk was built in front of the grocery store, it was built five or six inches lower than the sidewalk in

front of the building next to it, and the men made a slope down to the concrete walk, and laid the brick back in. On account of people walking over these brick, sometimes they would be out and sometimes be put back in again. These brick were loose, and when travelers stepped on them they sometimes would get knocked out, or kicked out of place. There was nothing on the concrete sidewalk to hold them. When these brick were first put in on this slope they were laid close together, sometimes they were scattered along and sometimes they were close together. Witness on one occasion, with his foot, moved a brick over to make it smooth. The brick could be moved to and fro with one's foot; and, when some of them were out and, after people had walked over them, there would be spaces of two to three inches between the brick, and the brick would probably turn when people walked over them. The sidewalk was nine feet wide, and this slope extended all the way across the walk; the brick were not laid in sand or anything, and were not as tight as they should have been.

The evidence also showed that this condition was temporary; that the brick walk was to be taken up and a new concrete walk built in its place at a level with the concrete walk in front of the grocery store. The sidewalk when the accident happened had been in the condition described from three to five weeks before the time appellee was injured. Appellee, her husband and daughter testified that she was not ruptured prior to this accident. A number of her neighbors and acquaintances testified that they had known her for years and never knew she was ruptured, and never heard her complain of being ruptured. Her family physician testified that he never heard of it,

and in his opinion the rupture was a recent one. Two witnesses testified that about five years before this accident appellant told them that she was ruptured and showed the rupture to them, and that she was wearing a truss at that time. This was denied by appellee.

Appellant contends that there can be no recovery for the reason that appellee was guilty of contributory negligence. The facts in this case are similar to those in *City of Valparaiso* v. *Schwerdt* (1907), 40 Ind. App. 608, 82 N. E. 923, where the court held that a person walking along a sidewalk in a public street is required to use his faculties for observation in an ordinary and reasonable way, proportionate to the dangers apprehended, but that he has the right to assume that the sidewalk is reasonably safe for travel, and he is neither obliged to make an active search for defects, nor to look for danger at every step. He has the right to assume that the city and its officers have done their duty, unless there is some notice to put him on guard, and he is not necessarily guilty of negligence as a matter of law in failing to observe even an open defect. This rule is especially applicable when the traveler's attention is diverted by some sufficient cause.

Appellant contends that the facts in this case are practically the same as the facts in *City of Huntingburgh* v. *First* (1896), 15 Ind. App. 552, 43 N. E. 17. It will be observed, however, that the case cited was decided prior to the enactment of §362 Burns 1914, Acts 1899 p. 62, and that at that time a plaintiff was required to allege and prove want of contributory negligence. As the law now stands, contributory negligence in a case of this kind

is a matter of defense. The case just cited is therefore not in point.

The question of negligence on the part of appellant, as well as on the part of appellee, was a question of fact for the jury, and, there being evidence to support the verdict, we cannot disturb it.

3-7.

The character and extent of appellees' injuries were questions for the jury. She alleged that in falling she struck her hand upon a wooden bench; that she sprained her thumb and wrist; that she twisted her body and suffered a rupture, and that said injuries were permanent. The jury by their verdict found these allegations to be true, and we cannot say that the amount of the verdict is such as leads to the conclusion that the jury was subject to some improper influence.

There was no error in overruling the motion for a new trial. Judgment affirmed.