POHLMAN *v.* PERRY.

[No. 18,214. Filed February 28, 1952.]

*Davis & Gruenberg,* of Gary, for appellant.

*James P. Gleason,* of Michigan City and *Charles T. Clifford,* of Valparaiso, for appellee.

ACHOR, J.—This is an action for damages as the result of an accident wherein appellee's wagon and tractor were struck from the rear by appellant's truck on a public highway.

The complaint was in two paragraphs, the first claiming damages for injuries sustained by appellee, and the second for medical expenses and loss of services of

appellee's son. Verdict and judgment for the appellee was for $18,000.00.

The facts in the case are essentially as follows: The traveled portion of U. S. Highway No. 6, upon which the vehicles of both parties were traveling was paved and about 20 feet wide. There were level berms on each side which were also approximately 20 feet wide. The appellee was driving a John Deere farm tractor, pulling a farm wagon with a mowing machine thereon, with his son riding on the seat of said mowing machine, east on the right hand side of said highway at a speed, according to his testimony, of about 15 or 16 miles per hour.

The appellant, through his employee, was operating an International tractor-trailer truck in the same direction and on the same side of the highway approaching the tractor and wagon of the appellee from the rear at a speed of 30 miles per hour. The truck weighed about 16,000 pounds. It was hauling a load of cattle weighing about 18,000 pounds. There was a passenger car between the appellant's truck and the appellee's tractor and wagon and, according to appellant's driver, his view beyond appellee was obstructed by the appellee's wagon and mower. The passenger car pulled to the left hand side of the road and passed the farm tractor and wagon, and appellant started to follow with his truck.

After appellant had pulled to the left hand side of the road, he discovered that an automobile was approaching from the opposite direction and he did not have time in which to pass the appellee. He therefore pulled back on the right hand side of the highway and, when 12 to 15 feet from the rear of appellee's wagon, attempted to apply his brakes in order to avoid colliding with it. However, his brakes did not hold. He then

tried to turn off onto the berm, but didn't have time, and the collision occurred.

It is contended by appellant (1) that the damages assessed by the jury are excessive; (2) that the appellant was not guilty of any negligence proximately causing the injuries complained of, and (3) appellee was guilty of contributory negligence which bars his right of recovery.

As to the amount of damages assessed, although it appears from the record that, if presented to this court, a verdict for a lesser amount might well have been affirmed. Nevertheless, it is not within the province of this court to reverse because of the damages assessed where there is any substantial evidence of probative value upon which reasonable men may have arrived at the amount of recovery fixed by the verdict. It is only for us to determine whether or not there is any such evidence of probative value upon which to support the verdict.

According to the evidence most favorable to appellee, as a result of the accident appellee incurred medical and hospital expenses in the sum of $1,254.25.

The evidence regarding the injury and loss of services of appellee's son is as follows: He was 15 years of age. Prior to the accident he was healthy and strong and would do "most of the jobs that come upon a farm as well as any other man." He suffered a severe skull fracture and a leg injury, as a result of the accident. Following the injury, he suffers from dizziness and his leg hurts him so that he cannot stand hot sun or hard work. The "dizzy spells and headache are the normal aftermath of the skull fracture." The evidence most favorable is that the value of his services was diminished $1,000.00 a year. There remained six years preceding his emancipation.

The favorable evidence regarding damages sustained by appellee because of his own injury is as follows: At the time of the accident appellee was a man 55 years of age. Prior thereto he was in good health and, with his son, was operating farms of 160 acres as a tenant farmer.

There is medical testimony that as a result of the accident appellee "had a crushing injury to his chest, the back part of his rib cage, the cervical spine, neck of the chest wall or thoracic spine and injury to his lumbar spine." "He had a fracture of the 12th rib on the right side." He had a "moderate advanced quiescent arthritis of the cervical spine," that is the neck of the lumbar spine. That, as a result of appellee being struck from behind, "the nerve cords are compressed and irritated and the muscles and ligaments are irritated from this concussion and compressing effect." That by reason thereof appellee had "pain in his neck and right hand side of his spine, the upper part of the head and scalp over his eyes, the back part of his chest, front part of his chest and back in the thoracic spine and lower back and more recently he had a spilling over, a weakness and radiating pain down the right leg." These conditions were attributed to the spinal concussion resulting from the accident. During the year following the collision there was "more progress in the fixation of his movements; definitely more limitation of motion of the spine both in the neck and lumbar spine." At the time of the trial the arthritic condition was described as being the progressive type, for which nothing much more can be done except apply heat to alleviate the pain.

As a result of the accident appellee has and will continue to suffer severe pain. His ability to work has been materially impaired. Appellee testified that he cannot now farm without a great share of the farm work being

done by others. The fact that special damages for appellee's own loss of income was neither pleaded nor proved has not been made an issue in this case.

Appellee was entitled to the earnings of his son for six years prior to his emancipation. Considering also appellee's own loss of earning capacity, the permanency of his injury, both his past and future pain and suffering and the medical expenses incurred by him, we cannot say that there was no evidence of probative value upon which reasonable men might assess damages in the sum of $18,000.00, and that the damages assessed were excessive.

Appellant's second contention is that there is no evidence that appellant was guilty of negligence causing the injuries complained of. It is contended by appellant that the accident was caused by a sudden and complete brake failure, of which appellant had no prior knowledge or reason to anticipate; that this was in effect an unforseeable accident, independent of any negligence on the part of appellant.

It is true that all the direct testimony in the case is that there was an immediate and unforseeable failure of appellant's brakes. However, the jury was entitled to consider the fact that this evidence was from testimony by appellant's driver.

The jury also had before it the fact that the day was bright and clear with good visibility; that the highway was straight, wide, flat and dry; that appellant's truck was heavily loaded with cattle which made abrupt braking of the truck hazardous; and that the driver brought the truck so loaded within 12 to 15 feet of the appellee's wagon before attempting to apply his brakes. This fact may have been considered negligence itself. The jury was also required to consider the testimony of appellant's driver that "after learning . . . that the brakes

were defective" he "attempted to turn off the road to the right on the wide grass shoulders," whereas, pictures of the vehicles in evidence indicate that the truck struck the wagon and tractor squarely from the rear while proceeding straight ahead.

The consideration which the trier of the facts shall give to the evidence under the above circumstances is stated in the following cases: In the case of ■■ *McKee* v. *Mutual Life Ins. Co. of N. Y.* (1943), 222 Ind. 10, 15, 51 N. E. 2d 474, the court said:

"It appears from the above cases that the credibility of witnesses, and the weight to be given to oral testimony is ordinarily to be determined by . the trier of the facts. Among the factors that may be considered in determining the credit to be given to the testimony of a witness are: The *interest of the witness,* if any, in the outcome of the trial; *his bias and prejudice,* if any is shown; his opportunity for knowing and recollecting the facts about which he testified; the *probability or improbability* of his testimony; and his *demeanor while on the witness stand."* (Our italics.)

In *Cleveland, etc., R. Co.* v. *Starks* (1914), ■ 58 Ind. App. 341, 361, 106 N. E. 646, this court said:

"When a material fact is supported only by the uncorroborated testimony of a single witness, there is no reason why the jury should not subject the credibility of such witness to proper tests, even though his testimony is not contradicted by that of any other witness. If, as a result of such tests, honestly and fairly applied, the jurors are unable to believe the testimony of such witness, it is not only within their power, but also it is their duty, to reject it."

A further statement was made by this court in the case of *H. E. McGonigal, Inc.* v. *Etherington* (1948), 118

Ind. App. 622, 629, 79 N. E. 2d 777, as follows: "It is well settled that a fact may sometimes be established by circumstantial evidence more firmly than by direct evidence which is conflicting therewith. 32 C.J.S., Evidence, §1016, p. 1039; *Pennsylvania Ice & Coal Co.* v. *Elischer* (1939), 106 Ind. App. 613, 21 N. E. 2d 436." See also *Neuwelt* v. *Roush* (1949), 119 Ind. App. 481, 500, 85 N. E. 2d 506; *Orey* v. *Mutual Life Ins. Co. of N. Y.* (1939), 215 Ind. 305, 310, 19 N. E. 2d 547.

Appellant's third and final contention is that appellee was himself guilty of contributory negligence, which negligence would bar his recovery. It is contended that this alleged negligence is predicated both (1) upon the statute (§47-2006, Burns' R. S. 1933 (1940 Replacement) (1951 Supp.), and also (2) upon the common law rule that "A person to whom two courses of conduct are open is required to exercise ordinary care in choosing which course he will pursue. If, under the same or similar circumstances, an ordinarily prudent person would not have so chosen, one having a choice is negligent in pursuing a course which is dangerous rather than one which is safe, or even less dangerous. . . ." 45 C. J., §516, p. 961.

An accepted limitation upon the above stated rule of common law is as follows: "A traveler's use of an unsafe way when a safer one is available does not establish contributory negligence, unless the danger is so obvious that his use thereof, in view of his knowledge of a safer way, constitutes lack of due care." 40 C.J.S., §271, p. 320.

The obvious consequence of this rule and the limitation thereto is to make its application a question of fact for the trier of the cause. Without determining whether or not the above stated rule of common law is applicable to the case at bar, we are of the

opinion that we cannot say that under all the circumstances of the case before us that the traveled portion of the highway was so "obviously dangerous" as to require appellee, as a matter of law, to travel upon the berm rather than upon the traveled portion of the highway.

Section 47-2006, Burns' 1940 Replacement (1951 Supp.), *supra,* relied upon by appellant as establishing negligence in the appellee, is as follows: "No person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with the law."

An examination of this statute also reveals that its application involves a question of fact for the trier of the cause. The statute does not fix a speed which makes its violation negligence as a matter of law. It merely provides that vehicles shall not travel at such a slow speed as to impede or block the normal and reasonable flow of traffic. "Such a slow speed" is a question of fact. Circumstances which the jury was required to consider in arriving at a conclusion on this issue were the speed of appellee's vehicle itself, the visibility and condition of the highway, and the amount and congestion, if any, of traffic upon the highway.

As far as the evidence in this case is concerned, there were only three other vehicles upon the highway in the proximate area at the time and place of this collision. Whether or not appellee's speed was unreasonably slow and whether or not traffic upon the highway was being unreasonably impeded or blocked by the appellee were questions of fact for the jury. The jury resolved these facts in favor of the appellee. We cannot say that reasonable men under the circumstances before us could come to the single and opposite conclusion that appel-

lee was guilty of contributory negligence which proximately caused his injury.

Judgment affirmed.

Crumpacker, J. not participating.

NOTE.—Reported in 103 N. E. 2d 911.