CITY OF LOGANSPORT *v.* GAMMILL.

[No. 18,933. Filed November 25, 1957.]

*Tom F. Hirschauer, Leland L. Smith,* both of Logansport, and *Lester L. Wilson,* of Winamac, for appellant.

*Myers & Molique* and *Richard A. Molique,* of Logansport, for appellee.

PFAFF, J.—This action was brought by appellee to recover damages for personal injuries, pain and suffering, loss of wages and other surgical expenses incurred

and sustained by reason of a fall on a sidewalk in the city of Logansport. Trial by jury resulted in a verdict for $4,500 on which judgment was rendered. Appellant assigns as error the overruling of its motion for new trial.

The evidence discloses that at the place on the concrete sidewalk where appellee fell there was a broken slab of sidewalk about eighteen inches square, next to a water meter box. Appellee had known of the broken condition of the sidewalk for about one year. The fall occurred in the night time, at a time when a street light which normally illuminated the area was not functioning. When appellee stepped on the broken slab it tilted and tipped up, causing him to fall. There was a hole about a foot and a half deep under the broken slab, so that the slab did not have subjacent support. Appellee testified that there was nothing about the sidewalk surrounding the meter box, other than the cracked and broken condition of the sidewalk, which would have led him to believe that there was a hole underneath. Another witness testified that, "the condition of the sidewalk all started by a meter being put in there. When they filled it in, they filled it with soft materials. I cannot explain why, but that material was washed out of there—it had washed back into the sidewalk." The water meter was a city water meter which it was the practice of the City to read each month. There was further testimony that prior to appellee's fall it was possible to look straight down and see the hole.

Appellant's demurrer to appellee's amended second paragraph of complaint for want of facts was overruled, and this ruling is presented as error. This paragraph, for the sake of convenience, will hereinafter be referred to simply as the complaint.

The complaint alleges that the sidewalk surrounding the water meter box or receptacle for a radius of ap-

proximately two feet was cracked and broken for a period of at least one year prior to appellee's fall, and that during such period the earth beneath such cracked and broken portion had eroded from the accumulation of moisture so as to cause a hole or depression or cavity to the approximate depth of eighteen inches, leaving the broken portion without a firm foundation; that the appellant, in the exercise of ordinary and reasonable care, could have discovered such cracked and broken condition of the sidewalk and could have discovered the hole or depression thereunder at that point; appellee stepped on the broken portion of the sidewalk adjacent to said metal water meter box or receptacle, which tilted or turned under his weight allowing appellee's foot to slip into the hole throwing appellee violently down on the concrete sidewalk.

Appellant argues that the complaint is insufficient because "there is no allegation or showing of knowledge or notice on the part of defendant of such alleged condition and of the failure of the defendant to act after having knowledge or notice thereof." The complaint in this case is similar to the complaint in *City of Indianapolis* v. *Ray* (1912), 52 Ind. App. 388, 97 N. E. 795, transfer denied:

"In an action against a municipal corporation for personal injuries caused by a defective sidewalk, a paragraph of complaint alleging facts showing that the sidewalk had been unsafe for a number of years, that defendant, by the exercise of proper care and diligence, could have known of such unsafe condition and could have made the same safe before the injury, that, for a period of two years before the injury, employes of defendant inspected the basement of a building adjacent to such sidewalk, and, if such inspections had been made with proper care, the defect could have been discovered, and that plaintiff had no knowledge of such defective condition, and could not have discovered it in the exercise of ordinary care, shows a

violation of a duty owing to plaintiff and is sufficient to withstand a demurrer."

Actual notice to the City is not essential. It is sufficient if facts are pleaded from which notice may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known to and remedied by the City. The complaint is sufficient in this respect. *City of Indianapolis* v. *Ray, supra; Turner* v. *City of Indianapolis* (1884), 96 Ind. 51; *City of Michigan City* v. *Phillips* (1904), 163 Ind. 449, 71 N. E. 205; *Town of New Castle* v. *Grubbs* (1908), 171 Ind. 482, 86 N. E. 757; *City of Indianapolis* v. *Murphy* (1883), 91 Ind. 382; *Town of Lewisville* v. *Batson* (1902), 29 Ind. App. 21, 63 N. E. 861. In the case of *Town of Lewisville* v. *Batson, supra,* it was stated:

". . . It is required to use active vigilance with reference to the condition of its streets, and if an obstruction has existed for such a length of time that considering the circumstances of the case, the municipality or its officers might have obtained knowledge of it by the exercise of a reasonable degree of diligence and attention to the condition of the streets, knowledge of the obstruction will be implied." With cases cited.

Appellant also argues that the notice served on the City, as shown by a copy thereof filed with the complaint and reading as follows:

"December 28, 1951
"City of Logansport
Logansport, Indiana

"Attention: Mr. George F. Muehlhausen, Mayor
or
William H. Jones,
City Clerk-Treasurer

"You are hereby notified that on November 1st, 1951, at about 4:25 o'clock A.M. I sustained personal injuries and property damage when I fell

after stepping into a hole in the sidewalk in front of the office of the Railway Express Agency, 320 East Melbourne Avenue in the City of Logansport, Cass County, Indiana; I had no knowledge or notice of such hole and to the best of my information it was one which remained after the installation of a water meter.

"In falling I twisted the muscles in my left leg, sprained my right ankle, bruised my hip and sustained a double hernia; I also broke my eyeglasses.

"Because of my injuries, I was hospitalized for a period of fourteen (14) days, and have been confined to my home since my dismissal from the hospital. At the present time I am totally disabled and will probably suffer permanent disability as a result of my said injuries. I do not know how much longer I will be confined to my home, nor do I know when I will be able to return to work.

"This notice is given pursuant to Section 48-8001, Burns' Indiana Statutes Annotated, 1950 Replacement.

"Dated this 28th day of December, 1951.

> (sgd.) Willard J. Gammill
> WILLARD J. GAMMILL
> 509 Burlington Avenue
> Logansport, Indiana"

was insufficient in that the notice stated that appellee fell after stepping into a hole in the sidewalk and did not refer to the sidewalk being cracked and broken, whereas, appellant argues, the complaint is based upon negligence in failing to discover the cracked and broken sidewalk and permitting it to remain. The complaint actually alleges both the cracked and broken condition of the sidewalk and a hole thereunder and that the concrete slab tilted or turned under appellee's weight, allowing his foot to slip into the hole.

The notice referred to is that required by §48-8001, Burns' 1950 Replacement. This statute requires,

"... a brief general description of the date and time, the place, the conditions and cause, the na-

ture and extent of the injury to person and loss, injury or damage, if any, to property, . . ."

As stated by Judge Bowen of this court, in *City of Gary* v. *Russell* (1953), 123 Ind. App. 609, 112 N. E. 2d 872:

". . . The object of our statute is to afford municipal authorities an opportunity to investigate the facts concerning an accident allegedly caused by the negligence of such municipality and its officers while such evidence is available. McQuillin, Municipal Corporations, 2d Edition, Vol. 6, Ch. 53, §2895, and cases therein cited."

The notice answered the intent and purpose of the statute. While the statute is directly construed as to its requirements that notice be given to the proper officers within the specified time, the rule of liberal construction applies to whether a notice is sufficiently definite as to the time, place, nature and extent of the injury. *City of Gary* v. *Russell, supra; City of Gary* v. *McNulty* (1935), 99 Ind. App. 641, 194 N. E. 193; *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404, transfer denied. We, therefore, hold the notice to have been sufficient, and that there was no material variance between the allegations of the complaint and the facts set forth in the notice. There was no error in overruling the demurrer. We further find that there was no material variance between the facts set forth in the notice and the evidence adduced upon the trial. See Annotation 52 A. L. R. 2d 966.

Appellant contends that appellee knew of the cracked condition of the sidewalk and did not avoid that portion of the walk; that the evidence compels the conclusion that he was guilty of contributory negligence.

The mere fact that a person knows of a defect in a sidewalk is not conclusive evidence of negligence on his

part in attempting to use it, but he is required to use care commensurate with the known danger. *City of Huntingburgh* v. *First* (1896), 15 Ind. App. 552, 43 N. E. 17; *Town of New Castle* v. *Mullen* (1909), 43 Ind. App. 280, 87 N. E. 146; *Cochran* v. *Town of Shirley* (1909), 43 Ind. App. 453, 87 N. E. 993.

A sidewalk might be so defective that a person of ordinary prudence would know that it could not be used without incurring a hazard that prudent men would not incur, and in such case the application of the principle of incurred risk would prevent his recovery. *City of East Chicago* v. *Gilbert, supra; City of Richmond* v. *Mulholland* (1888), 116 Ind. 173, 18 N. E. 832; *Town of Salem* v. *Walker* (1897), 16 Ind. App. 687, 46 N. E. 90; *Town of Gosport* v. *Evans* (1887), 112 Ind. 133, 13 N. E. 256. Such is not the situation revealed here. The evidence is that appellee knew the sidewalk was cracked and broken at the point of the fall but did not know of the hole beneath it which left the slab without subjacent support. The element of knowledge was merely for the consideration of the jury on the issues of incurred risk and contributory negligence. It cannot be declared as a matter of law under all the evidence in this case that appellee was guilty of contributory negligence. *City of East Chicago* v. *Gilbert, supra; Cochran* v. *Town of Shirley, supra; Town of Mooresville* v. *Spoon* (1918), 69 Ind. App. 565, 118 N. E. 686, transfer denied; *City of New Albany* v. *Stallings* (1919), 71 Ind. App. 232, 124 N. E. 701; *City of Huntingburgh* v. *First* (1899), 22 Ind. App. 66, 53 N. E. 246.

It was stated in *City of East Chicago* v. *Gilbert, supra:*

"The responsibility of keeping in mind a known defect or obstruction in a street or sidewalk does not rest on the traveler with the same degree of

intensity as on the municipality. It is the duty of the latter to make reasonable inspection, and also to repair defects and remove obstructions known to exist or which may be ascertained by the exercise of reasonable care, that the way may be rendered reasonably safe for travel. *City of Evansville* v. *Frazier* (1900), 24 Ind. App. 628, 632, 56 N. E. 729; *City of Evansville* v. *Wilter* (1882), 86 Ind. 414, 420. The former, however, has a right to presume, in the absence of knowledge or means of knowledge to the contrary, that the municipality has performed its duty in these respects, and while the traveler is chargeable with the duty of exercising reasonable care, he is not required to make a close inspection to discover whether such duty on the part of the municipality has been performed. It would, therefore, seem to follow that a defect in the street or sidewalk might be of such a nature that a traveler, with prior knowledge of its existence, might momentarily forget there was such a defect without being chargeable with a want of due care, while the municipality, by reason of such duty resting on it, and a negligent failure to perform the same, might be held liable for an injury resulting therefrom. *City of Indianapolis* v. *Slider* (1914), 56 Ind. App. 230, 105 N. E. 56; *City of Bluffton* v. *McAfee* (1899), 23 Ind. App. 112, 53 N. E. 1058; *City of Valparaiso* v. *Schwerdt* (1907), 40 Ind. App. 608, 82 N. E. 923. For the force and effect of a diverting cause and its bearing on the issue of contributory negligence, see note to *Lerner* v. *Philadelphia* (1908), 21 L. R. A. (N. S.), 614, 648, 651. Note to *Knoxville* v. *Cain* (1913), 48 L. R. A. (N. S.) 628, 637. See, also, *City of Valparaiso* v. *Schwerdt, supra.*"

Appellant argues further that the real cause of the injury was the existence of the hole under the sidewalk, which was not apparent in the normal use of the walk; that there is no evidence that the City had actual notice of the hole, and this was not a class of injuries reasonably foreseeable, since the hole was not apparent; that the alleged negligence of the City was not the proximate cause of appellee's fall.

The evidence in this case differs from that in the

*City of Indianapolis* v. *Ray, supra,* and *Bucher et al.*
v. *City of South Bend* (1897), 20 Ind. App. 177,
50 N. E. 412, relied upon by the appellant, where
the defects were latent. There was evidence here
that, "you could see it—look down straight and you
could see the hole there." The jury could properly
have found from all the evidence given that the hole
was such a defect as might have been ascertained by
the City upon reasonable inspection and was such a
defect as ought to have been known to and remedied
by the City.

We conclude that the verdict is supported by the
evidence and not contrary to law, and that the trial
court did not err in overruling appellant's motion for
a directed verdict and in refusing to give the appel-
lant's tendered instruction directing a verdict.

Appellant further presents as error the giving, over
its objection, of appellee's instruction numbered four
which reads as follows:

"For a negligent act or omission to be a proxi-
mate cause of injury, it must be a cause which
in natural and continuous sequence, unbroken by
any efficient intervening cause, produced the in-
jury and without which the injury would not have
occurred, and the injury produced must be of that
class of injuries which should have been reasonably
anticipated to result from such negligence.
"It is not necessary, however, that the negligence
be the sole cause or even the immediate cause of
the injury.
"If some negligent act or omission was a substan-
tial factor in producing some injury of which com-
plaint is made, and the particular injury suffered
is of the class of injuries which was reasonably
foreseeable to result from such negligence, then
that negligent act or omission is a proximate cause
of injury."

No error with respect to the giving of instructions
is available as a cause for new trial or on appeal, ex-

cept upon the specific objections made. Rule 1-7, Rules of the Supreme Court; *Rickner* v. *Haller* (1954), 124 Ind. App. 369, 116 N. E. 2d 525, transfer denied; *Northern Ind. Pub. Service Co.* v. *Nielsen* (1952), 123 Ind. App. 199, 109 N. E. 2d 442; *Keeshin Motor Express Co.* v. *Sowers* (1943), 221 Ind. 440, 48 N. E. 2d 459; *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N. E. 2d 106; Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §1506, p. 231; Vol. 1, West's *Indiana Law Encyclopedia*, §130, pp. 627, 628. The substance of the appellant's objection to the instruction is that "it permits the jury to find that a particular act of negligence would impose liability on the defendant even though said act of negligence was not a proximate cause of the injury." Appellant does not question the first paragraph of the instruction, but argues that the second paragraph, while it has been approved, so far as it goes, in *Evansville, etc. R. Co.* v. *Allen* (1905), 34 Ind. App. 636, 73 N. E. 630, is incomplete in that the court should have gone further and stated that the negligence would have to be a concurring cause and but for such negligence the injury would not have happened and that defendant's negligence would have to be closely connected in order of the events; that under this instruction the jury could have returned a verdict based upon some act of negligence which was not a proximate cause. Appellant further argues that the third paragraph of the instruction is based upon *Swanson* v. *Slagal, Administratrix* (1937), 212 Ind. 394, 8 N. E. 2d 993, but that it is incomplete in that it should have gone further to explain the "intervening agency" rule. Thus, it appears that the argument made here is not that the statement of law itself is incorrect, but that the instruction is not completed. Appellant tendered no instruction on the subject. Had a fuller instruction been requested, presumably the court would have given it.

The instruction was not a mandatory one, and in the absence of such a requested instruction appellant cannot predicate error on its lack of fullness. *D. Graff and Sons* v. *Williams* (1945), 115 Ind. App. 597, 61 N. E. 2d 72; *Cleveland, etc. R. Co.* v. *Harrison* (1912), 178 Ind. 324, 98 N. E. 729; *Hamling* v. *Hildebrandt* (1949), 119 Ind. App. 22, 81 N. E. 2d 603; *Riechmann* v. *Reasner*, 221 Ind. 628, 51 N. E. 2d 10. In *Cleveland, etc. R. R. Co.* v. *Harrison, supra*, it is said:

> ". . . The ground of objection is not that the statement of law in itself is incorrect, but that the court failed to make the instruction complete by informing the jury that contributory negligence might be proved either by the testimony of plaintiff's or defendant's witnesses, or by both. Appellant tendered no instruction on the subject. Had a fuller instruction been requested, we must presume the trial court would have given it to the jury, and, in the absence of such requested instruction, appellant cannot, without just reason, complain."

See also *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 98 N. E. 177; *Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind. 524, 92 N. E. 49, 94 N. E. 881; 4 C. J. S. *Appeal and Error*, §307, p. 618; Vol. 1, West's *Indiana Law Encyclopedia*, ch. 4, §130, p. 628.

Appellant also argues that the damages assessed are excessive. Appellant states that the only injuries sustained are as follows: "A sprained ankle, an ▮ injury to his hip, a bilateral inguinal hernia.

The ankle and hip injuries were not severe. Appellee was incapacitated for a period of five months (four and one-half months post operative) directly attributed to the fall. The operation was successful. Appellee was out of pocket for glasses, $35.00, doctor bill for operation $150.00, later visits 15 @ $4.00 per visit or a total of $60.00, hospital bills $16.00 per day for three weeks or $336.00, 15 round trips on rail-

road per month at $42.00 per trip or $620.00 per month for five months or $3,100.00, loss of earnings for a complete total of $3,681.00." There is evidence that appellee was "laid up," not for five months, but for six months, with an additional loss of wages and that since the fall he has a limp in his right leg which bothers him all the time. We cannot say as a matter of law, as appellant urges that we do, that the damages assessed are so large that they cannot be explained on any hypothesis other than prejudice, passion, partiality or that some other improper element was taken into account. In *Dallas & Mavis Forwarding Co., Inc.* v. *Liddell* (1955), 126 Ind. App. 113, 126 N. E. 2d 18, 130 N. E. 2d 459, transfer denied, this court held:

> "Regardless of what our view may be as to the amount of the verdict, we cannot substitute our view for that of the jury unless it clearly appears that the amount is so large it cannot be explained on any reasonable hypothesis other than prejudice, passion, partiality, corruption or other improper considerations. *Pohlman* v. *Perry* (1952), 122 Ind. App. 222, 103 N. E. 2d 911; *Kawneer Manufacturing Co.* v. *Kalter* (1917), 187 Ind. 99, 101, 102, 118 N. E. 561."

See also *Lincoln Operating Co.* v. *Gillis* (1953), 232 Ind. 551, 561, 114 N. E. 2d 873; *Chicago & Eastern Illinois Railroad Co.* v. *Alexander* (1955), 126 Ind. App. 75, 125 N. E. 2d 171; *Fort Wayne Transit* v. *Shomo* (1957), 127 Ind. App. 542, 143 N. E. 2d 431.

We have examined the assignment of error presented in this case and find no error.

Judgment affirmed.

Kelley, C. J., Royse, P. J., Bowen, Cooper, Crumpacker, JJ., concur.

NOTE.—Reported in 145 N. E. 2d 908.